CT Corporation

**Service of Process Transmittal**
03/24/2014
CT Log Number 524638467

**TO:**     Carrie Troesch
Nationwide Mutual Insurance Company
One Nationwide Plaza, 1-30-401
Columbus, OH 43215-2220

**RE:**     **Process Served in District of Columbia**

**FOR:**    Nationwide General Insurance Company (Domestic State: OH)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | 21st Century North America Insurance Company, Pltf. vs. Nationwide General Insurance Company, Dft. |
| **DOCUMENT(S) SERVED:** | Summons, Attachment, Initial Order, Addendum, Information Sheet, Complaint, Exhibit(s) |
| **COURT/AGENCY:** | Superior Court of the District of Columbia, DC<br>Case # 2014CA001690B |
| **NATURE OF ACTION:** | Insurance Litigation - Breach of Contract - For policy benefits claimed for personal injuries received as a result of a vehicle collision on February 12, 2011 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Washington, DC |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 03/24/2014 postmarked on 03/20/2014 |
| **JURISDICTION SERVED :** | District of Columbia |
| **APPEARANCE OR ANSWER DUE:** | Earliest Answer Date - Within 20 days after service (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | Angela D. Sheehan<br>Gorman & Williams<br>36 South Charles Street<br>Suite 900<br>Baltimore, MD 21201<br>410-528-0600 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 03/25/2014, Expected Purge Date: 03/30/2014<br>Image SOP |
| **SIGNED:** | C T Corporation System |
| **PER:** | Mark Diffenbaugh |
| **ADDRESS:** | 1015 15th Street, N.W.<br>Suite 1000<br>Washington, DC 20005 |
| **TELEPHONE:** | 202-572-3133 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.





CERTIFIED MAIL™

7012 1010 0002 6814 4247

02 1P $ 008.45⁰
0001697479 MAR 20 2014
MAILED FROM ZIP CODE 21201



**GORMAN & WILLIAMS**
ATTORNEYS AT LAW
A Partnership of Professional Corporations

Suite 900
36 South Charles Street
Baltimore, MD 21201-3114

CT Corporation System
1015 15th Street N.W. #1000
Washington, D.C. 20005



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**500 Indiana Avenue, N.W., Suite 5000**
**Washington, D.C. 20001 Telephone: (202) 879-1133**

21ˢᵗ Century
North America Ins. Co.                     Plaintiff

vs.                                                          14 - 0001690

Nationwide General Ins. Co.                              Case Number
                                          Defendant

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Angela D. Sheehan
Name of Plaintiff's Attorney                              *Clerk of the Court*
Gorman & Williams
36 S. Charles St.                        By _____
Address      # 900                                      Deputy Clerk
Baltimore, MD 21201
410-528-0600                             Date    03/21/2010
Telephone

如需翻译,请打电话 (202) 879-4828      Veuillez appeler au (202) 879-4828 pour une traduction   Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시오      የኣማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ።

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-682-2700) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

CASUM.doc



**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
**DIVISIÓN CIVIL**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Teléfono: (202) 879-1133

Demandante

contra

Número de Caso:

Demandado

### CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veinte (20) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que Usted le entregue al demandante una copia de la Contestación o en el plazo de cinco (5) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

*SECRETARIO DEL TRIBUNAL*

Nombre del abogado del Demandante

Por:

Dirección                                                                      Subsecretario

Fecha

Teléfono

如需翻译,请打电话 (202) 879-4828          Veuillez appeler au (202) 879-4828 pour une traduction          Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시요          የአማርኛ ተርጓሚ ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO, O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍAN RETENERLE SUS INGRESOS, O PODRÍAN TOMAR SUS BIENES PERSONALES O RAÍCES Y VENDERLOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO*.

Si desea converser con un abogado y le parece que no puede afrontar el costo de uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-682-2700) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse de otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CASUM.doc



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

21ST CENTURY NORTH AMERICA INSURANCE
COMPANY                    C.A. No.      2014 CA 001690 B
     Vs.
NATIONWIDE GENERAL INSURANCE COMPANY

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Lee F. Satterfield

Case Assigned to: Judge LAURA A CORDERO
Date:  March 20, 2014
Initial Conference: 9:30 am, Friday, June 20, 2014
Location:  Courtroom A-50
          515 5th Street N.W.
          WASHINGTON DC 20001

Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Lee F. Satterfield

Caio.doc

# Superior Court of the District of Columbia

CIVIL DIVISION- CIVIL ACTIONS BRANCH

INFORMATION SHEET

21st Century Ins. Co.     Case Number: _____

vs *North America* Date: March 20, 2014

Nationwide Ins. Co.    ☐ One of the defendants is being sued
in their official capacity.

| | |
|---|---|
| Name: *(Please Print)* <br> Angela D. Sheehan | Relationship to Lawsuit |
| Firm Name: <br> Gorman & Williams | ☒ Attorney for Plaintiff |
| Telephone No.:    Six digit Unified Bar No.: <br> (410) 528-0600    No. 420338 | ☐ Self (Pro Se) <br> ☐ Other: _____ |

TYPE OF CASE: ☒ Non-Jury    ☐ 6 Person Jury    ☐ 12 Person Jury

Demand: $_____      Other: **Declaratory Judgment**

PENDING CASE(S) RELATED TO THE ACTION BEING FILED

Case No.: 2013 CA 0003296   Judge: Ross    Calendar #: 6

Case No.:_____   Judge: _____   Calendar#:_____

---

NATURE OF SUIT:    *(Check One Box Only)*

## A. CONTRACTS

☐ 01 Breach of Contract
☐ 02 Breach of Warranty
☐ 06 Negotiable Instrument
☐ 15 Special Education Fees

☐ 07 Personal Property
☐ 09 Real Property-Real Estate
☐ 12 Specific Performance
☐ 13 Employment Discrimination

### COLLECTION CASES

☐ 14 Under $25,000 Pltf. Grants Consent
☐ 16 Under $25,000 Consent Denied
☐ 17 OVER $25,000 Pltf. Grants Consent
☐ 18 OVER $25,000 Consent Denied

## B. PROPERTY TORTS

☐ 01 Automobile
☐ 02 Conversion
☐ 07 Shoplifting, D.C. Code § 27-102 (a)

☐ 03 Destruction of Private Property
☐ 04 Property Damage

☐ 05 Trespass
☐ 06 Traffic Adjudication

## C. PERSONAL TORTS

☐ 01 Abuse of Process
☐ 02 Alienation of Affection
☐ 03 Assault and Battery
☐ 04 Automobile- Personal Injury
☐ 05 Deceit (Misrepresentation)
☐ 06 False Accusation
☐ 07 False Arrest
☐ 08 Fraud

☐ 09 Harassment
☐ 10 Invasion of Privacy
☐ 11 Libel and Slander
☐ 12 Malicious Interference
☐ 13 Malicious Prosecution
☐ 14 Malpractice Legal
☐ 15 Malpractice Medical (Including Wrongful Death)
☐ 16 Negligence- (Not Automobile,
     Not Malpractice)

☐ 17 Personal Injury- (Not Automobile,
     Not Malpractice)
☐ 18 Wrongful Death (Not Malpractice)
☐ 19 Wrongful Eviction
☐ 20 Friendly Suit
☐ 21 Asbestos
☐ 22 Toxic/Mass Torts
☐ 23 Tobacco
☐ 24 Lead Paint

SEE REVERSE SIDE AND CHECK HERE ☐   IF USED

CV-496/May 13

# Information Sheet, Continued

**C. OTHERS**

- ☐ 01 Accounting
- ☐ 02 Att. Before Judgment
- ☐ 04 Condemnation (Emin. Domain)
- ☐ 05 Ejectment
- ☐ 07 Insurance/Subrogation
  Under $25,000 Pltf.
  Grants Consent
- ☐ 08 Quiet Title
- ☐ 09 Special Writ/Warrants
  (DC Code § 11-941)

- ☐ 10 T.R.O./ Injunction
- ☐ 11 Writ of Replevin
- ☐ 12 Enforce Mechanics Lien
- ☑ 16 Declaratory Judgment
- ☐ 17 Merit Personnel Act (OEA)
  (D.C. Code Title 1, Chapter 6)
- ☐ 18 Product Liability
- ☐ 24 Application to Confirm, Modify,
  Vacate Arbitration Award
  (DC Code § 16-4401)

- ☐ 25 Liens: Tax/Water Consent Granted
- ☐ 26 Insurance/ Subrogation
  Under $25,000 Consent Denied
- ☐ 27 Insurance/ Subrogation
  Over $25,000
- ☐ 28 Motion to Confirm Arbitration
  Award (Collection Cases Only)
- ☐ 26 Merit Personnel Act (OHR)
- ☐ 30 Liens: Tax/ Water Consent Denied
- ☐ 31 Housing Code Regulations
- ☐ 32 Qui Tam
- ☐ 33 Whistleblower

**II.**

- ☐ 03 Change of Name
- ☐ 06 Foreign Judgment
- ☐ 13 Correction of Birth Certificate
- ☐ 14 Correction of Marriage
  Certificate

- ☐ 15 Libel of Information
- ☐ 19 Enter Administrative Order as
  Judgment [ D.C. Code §
  2-1802.03 (h) or 32-1519 (a)]
- ☐ 20 Master Meter (D.C. Code §
  42-3301, et seq.)

- ☐ 21 Petition for Subpoena
  [Rule 28-I (b)]
- ☐ 22 Release Mechanics Lien
- ☐ 23 Rule 27(a) (1)
  (Perpetuate Testimony)
- ☐ 24 Petition for Structured Settlement
- ☐ 25 Petition for Liquidation

_AD Sheeran_ _____

Attorney's Signature

03 / 20 / 14

Date

**IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA**

21st CENTURY NORTH AMERICA
INSURANCE COMPANY
P.O. Box 15510
Wilmington, Delaware 19850

      Plaintiff,

v.

NATIONWIDE GENERAL INSURANCE
COMPANY
One Nationwide Plaza
Columbus, Ohio  43215

SERVE ON:

    CT CORPORATION SYSTEM
    1015 15th St NW # 1000
    Washington, D.C. 20005

      Defendant.

```
FILED
CIVIL ACTIONS BRANCH
   *  MAR 2 0 2014
   Superior Court of the
   District of Columbia
   Washington, D.C.
```

\*

\*   Case No:  **14 - 0 0 0 1 6 9 0**

\*

\*

\*

\*

\*

\*

\* \* \* \* \* \* \* \* \* \* \* \* \*

**COMPLAINT FOR DECLARATORY JUDGMENT**

    Plaintiff, 21st Century North America Insurance Company ("21st Century"), by its attorneys, Angela D. Sheehan and Gorman & Williams, brings suit against Defendant Nationwide General Insurance Company ("Nationwide"), and states as follows:

**INTRODUCTION**

    1.    This is an action for a declaratory judgment pursuant to 28 U.S.C. §2201 and Rule 57 of the Superior Court Rules of Civil Procedure for the purpose of determining questions in actual controversy between 21st Century and Nationwide.

    2.    21st Century seeks a declaration that Nationwide is obligated to provide primary coverage and pay for the alleged damages sought by Paul Washington ("Washington") in a

lawsuit filed and currently pending in this Court, styled *Paul Washington v. Chacon*, et al., Civil Action No. 13-3296 ("Underlying Action").

3.      In the Underlying Action, Washington seeks damages from 21st Century arising out of a motor vehicle accident ("MVA") that occurred on February 12, 2011. The basis for Washington's claim against 21st Century is the existence of his automobile liability policy with 21st Century containing uninsured/underinsured ("UM/UIM") provisions.

4.      At the time of the MVA, an insurance policy had been issued by Nationwide to Felipe Perez ("Perez"), the owner of the other vehicle involved.[1]

5.      There are real, substantial and justiciable issues in controversy between the parties with respect to whether there is insurance coverage by Nationwide to compensate Washington for his alleged damages.

## PARTIES

6.      Plaintiff 21st Century is a corporation organized under the laws of the State of New York with its principal place of business in Wilmington, Delaware.

7.      Upon information and belief, Defendant Nationwide is a corporation organized under the laws of the State of Ohio with its principal place of business in Columbus, Ohio.

## VENUE

8.      Upon information and belief, Defendant Nationwide transacts business in the District of Columbia.

## RELEVANT INSURANCE POLICIES

9.      Upon information and belief, Nationwide issued an automobile insurance policy to Perez bearing policy no. 5345V 556323, effective for the policy period from November 3,

---

[1] In the Underlying Action, Washington also seeks damages from Felipe Perez (owner of the vehicle) and Jose Chacon (driver of the vehicle). Nationwide has failed to provide a defense to either Perez or Chacon.

2010 to May 3, 2011 ("the Nationwide Policy"). The Nationwide policy included coverage for a certain 1995 Toyota Tacoma owned by Felipe Perez ("Perez vehicle"). *See* Policy Declarations of the Nationwide Policy, attached and incorporated herein as <u>Exhibit A</u>.

10.     Upon information and belief, the Nationwide Policy provided limits of liability up to $300,000 per person for bodily injury. *See* <u>Exhibit A at p. 2</u>.

11.     21st Century issued an automobile insurance policy bearing no. #4760099 to Washington providing property and liability coverage, including coverage for losses sustained from the negligence of an uninsured or underinsured motorist (the "21st Century Policy") with uninsured/undersinsured ("UM/UIM") liability limits of $100,000.   Policy Declarations and specimen of policy issued to Washington, attached as <u>Exhibit B</u>.

12.     The 21st Century Policy provides UM/UIM coverage provides that it will pay under this coverage only if the "limits of liability under any bodily injury liability bonds or policies applicable to the uninsured motor vehicle have been exhausted by payment of judgments of settlement." *See* <u>Exhibit B</u>, Part C at p. 10.

13.     Further, the definition of an "uninsured motor vehicle" under the 21st Policy included a motor vehicle for which:

> ...a ***bodily injury*** liability policy or bond in the case of Uninsured Motorists Bodily Injury Coverage or ***property damage*** liability policy or bond in the case of Uninsured Motorists Property Damage Coverage applies at the time of the ***accident*** but the insurance or bonding company:
>
> **a.  Legally** denies coverage... (emphasis added)

*See* <u>Exhibit B</u>, Part C at p. 11

14.     On February 14, 2011, Perez gave permission to Jose Leonides Chacon ("Chacon") to operate Perez' vehicle.  Later that same day, a MVA occurred in Washington,

D.C. between a vehicle operated by Washington and the Perez vehicle operated by Chacon. Washington alleges that he sustained bodily injuries and other damages as the result of the MVA.

15.     Upon information and belief, notice of the MVA was provided to Nationwide and Nationwide established a file in connection with Washington's injury claim. *See* Letter to Perez from Nationwide, dated 02/14/11, attached as Exhibit C.

16.     On August 15, 2011, Nationwide sent a letter to Perez advising that the Nationwide Policy was void from its inception and that no coverage would be provided in connection with the MVA. *See* Letter to Perez from Nationwide dated 08/15/11, attached as Exhibit D.

17.     On December 7, 2012, Nationwide sent a letter to Washington's attorney stating that it would not provide coverage for Washington's claim. *See* Letter to Brian Lloyd from Nationwide, dated 12/12/11, attached as Exhibit E.

18.     On May 13, 2013, Washington filed the Underlying Action suing Chacon for negligence, Perez for vicarious liability and 21st Century for breach of contract in connection with the MVA.

19.     In the Underlying Action, Washington alleges that Chacon was negligent and, *inter alia*, failed to maintain proper and sufficient control of the Perez vehicle resulting in injury to him. Washington also alleges that Mr. Chacon was acting as an agent of Mr. Perez at the time of the Loss.

20.     In the Underlying Action, Washington further alleges that, to the extent Chacon and Perez lack sufficient liability coverage to pay the full judgment that might be rendered against them, 21st Century is liable for any and all damages sustained by Washington as a result of Chacon's negligence pursuant to the UM/UIM provisions of the 21st Century Policy.

21.    The Nationwide Policy was in effect at the time of the MVA. Nationwide, however, has disclaimed and continues to deny coverage under the Nationwide Policy with respect to damages alleged by Washington and arising out of the MVA

22.    The 21st Century Policy's UM/UIM policy provisions apply only if Nationwide's denial of coverage is proper under the law.

23.    Despite the existence of a valid policy at the time of the MVA, Nationwide denied coverage to Washington without a legal basis for doing so.

24.    In the Underlying Action, Washington demands payment from 21st Century under the UM/UIM provisions of the policy.

25.    As such, an actual and present dispute exists between Nationwide and 21st Century as to whether the claims at issue in the Underlying Action are covered under the Nationwide Policy.

26.    Inasmuch as an actual and present controversy currently exists between Nationwide and 21st Century concerning the liability to pay for Washington's damages alleged in the Underlying Action, 21st Century is entitled to a judicial determination of its rights and obligations pursuant to 28 U.S.C. § 2201 and Rule 57 of the District of Columbia Rules of Civil Procedure.

WHEREFORE, Plaintiff, 21st Century New Century Insurance Company, respectfully requests that this Court enter an Order:

A.    Declaring that the Nationwide Policy was in effect on the date of the MVA; and

B.    Declaring that Nationwide has an obligation to indemnify Perez and Chacon in connection with the claims made by Washington in the Underlying Action; and

C.   Declaring that any liability of 21st Century arising out of the MVA and/or the Underlying Action shall be reduced by the maximum benefit amount of the Nationwide policy.

D.   For costs of suit incurred herein;

E.   For other such relief as this Court deems just and proper.

Respectfully Submitted,

Angela D. Sheehan
D.C. Bar No. 420338
Gorman & Williams
36 South Charles Street, Suite 900
Baltimore, Maryland 21201
(410) 528-0600
adsheehan@gandwlaw.com
*Attorney for Plaintiff,*
*21st Century North America Ins. Co.*

## Nationwide®
*On Your Side*

## Your Policy Declarations

**Personal Auto Policy**
Policy Period:  Nov 3, 2010 - May 3, 2011
Policy Number: **5345V 556323**

**Policyholder (Named Insured):**
Felipe Perez
7364 Lee Hwy Unit
T Apt 102
Fallschurch, VA
22046-7364

Keep these Declarations for your records.

0 0 9 9 0 0 0 0 6 6 0 4 6

## General Policy Information

**Issued: November 5, 2010**
These Declarations are a part of the policy named above and identified by the policy number above.  They supersede any Declarations issued earlier.  Your policy provides the coverages and limits shown in the schedule of coverages.  If more than one vehicle is insured, the Limits Of Liability will not be aggregated with similar coverage on another vehicle. Your policy complies with the motorists' financial responsibility laws of your state only for vehicles for which Property Damage and Bodily Injury Liability coverages are provided.

**Policy Period: November 3, 2010 - May 3, 2011** but only if the required premium for this period has been paid and only for six month renewal periods if renewal premiums have been paid as required.  This policy is initially effective at (1) the time the application for insurance is completed, or (2) 12:01 a.m. on the first day of the policy period, whichever is later.  Each renewal period begins and ends at 12:01 a.m. standard time at the address of the named insured stated herein.  This policy expires at 12:01 a.m. at the address of the named insured stated herein.

Your carrier is Nationwide General Insurance Company, NAIC #23760.

---

### IMPORTANT MESSAGES:

Your insurance policy and any policy endorsements contain a full explanation of your coverage.  The policy limits shown for a vehicle may not be combined with the limits for the same coverage on another vehicle.

---

## Premium Summary and Other Charges



| | |
|---|---|
| 1995 Toyota Tacoma | $ |
| 2000 Bmw 528i | $ |
| Total For Policy Coverages | $ |
| **Total Policy Premium** | $ |

## How You Saved on this Policy with Nationwide

• Passive Restraint          • Financial Resp          • Multi Car

## Insured Driver(s)

| # | Driver Name | Date of Birth | Marital Status |
|---|---|---|---|
| 01 | Felipe  Perez | 06/22/46 | Married |
| 02 | Victoria  Perez | 04/17/51 | Married |



EXHIBIT
A

Continued on the next page

**Nationwide®**
*On Your Side*

# Your Policy Declarations

For coverage definitions and descriptions,
visit Nationwide.com

Personal Auto Policy
Policy Period:  Nov 3, 2010 - May 3, 2011
Policy Number: **5345V 556323**

---

## Insured Vehicle(s) and Schedule of Coverages

### 1995 Toyota Tacoma

VIN 4TAVN73F8SZ024461

| Coverages | Limits of Liability | | Premium |
|---|---|---|---|
| Property Damage Liability | $  100,000 | Each Occurrence | $ |
| Bodily Injury Liability | $  300,000 | Each Person | |
| | $  300,000 | Each Occurrence | $ |
| Medical Expense | $    25,000 | Each Person | $ |
| Loss Of Income Protection | | | $ |
| Uninsured Motorists | | | |
|   -Bodily Injury | $  300,000 | Each Person | |
| | $  300,000 | Each Accident | $ |
|   -Property Damage | $  100,000 | Each Accident | $ |
| | | **Total for this Vehicle** | $ |

### 2000 Bmw 528i

VIN WBADM6342YGU11245

| Coverages | Limits of Liability | | Premium |
|---|---|---|---|
| Property Damage Liability | $  100,000 | Each Occurrence | $ |
| Bodily Injury Liability | $  300,000 | Each Person | |
| | $  300,000 | Each Occurrence | $ |
| Medical Expense | $    25,000 | Each Person | $ |
| Loss Of Income Protection | | | $ |
| Uninsured Motorists | | | |
|   -Bodily Injury | $  300,000 | Each Person | |
| | $  300,000 | Each Accident | $ |
|   -Property Damage | $  100,000 | Each Accident | $ |
| | | **Total for this Vehicle** | $ |

---

## Policy Level Schedule of Coverages

| Coverages | Limits of Liability | | Premium |
|---|---|---|---|
| Roadside Assistance | Plus - Covers Disablement Up To $300/$100 Lockout | | $ |
| | $       600   Trip Interruption Endorsement  3423A | | |
| Accident Forgiveness Feature - Currently Eligible To Use | | | |
| Minor Violation Forgiveness Feature - Currently Eligible To Use | | | |
| | | **Total for Policy Coverages** | $ |

---

## Policy Form and Endorsements

| | |
|---|---|
| V-045D | Nationwide Auto Policy |
| V-3131A | Government Employees Using Autos in Government Business |
| V-3158 | Amendatory Endorsement - Death Benefit |
| V-3159A | Amendatory Endorsement - Virginia |
| V-3230A | Customizing Equipment Coverage |
| V-3423A | Roadside Assistance Coverage (Virginia) |

Continued on the next page

Prepared on November 5, 2010     Page 3 of 4

## Nationwide®
*On Your Side*

# Your Policy Declarations

**Personal Auto Policy**
Policy Period:   Nov 3, 2010 - May 3, 2011
Policy Number:  **5345V 556323**

**For Office Use Only:**

$  0.00     Terr: 155

**Issued By:** Nationwide General Insurance Company
**Countersigned At:** Lynchburg, VA.

**By:**  Robert Wayne Pierce CLU

**How to Contact Us**

| | |
|---|---|
| Your Nationwide Agent | **Robert W Pierce Ins Agy I 703.241.7847** |
| Customer Service | **1.877.669.6877** |
| Internet | **Nationwide.com** |
| 24-Hour Claims Reporting | **1.800.421.3535** |
| Hearing Impaired (TTY) | **1.800.622.2421** |

0009000066055





**21st Century** insurance

RENEWAL

| POLICY DECLARATIONS |
| --- |

**Policy Number:** 476 00 99

| Account: 21ST CENTURY INSURANCE |
| --- |

Insurer: **21st Century North America Insurance Company**

The Policy Period Begins and Ends at 12:01 A.M.
Standard Time From **11/16/10** To **05/16/11**

Effective Date of Change: 11/16/10

**Named Insured**

PAUL WASHINGTON
ANDREA WASHINGTON
2205 OVERTON DR
DISTRICT HEIGHTS, MD 20747

**Customer Service Center:**
21st CENTURY INSURANCE
21ST CENTURY PLAZA
P.O. BOX 15510
WILMINGTON, DE 19850-5510

**POLICY SERVICE:** To make a
change to your policy call **1-800-241-1188**

**CLAIMS:** Call anytime to report
an accident or loss **1-888-244-6163**

ST: **19**   CO: **0035**   ACCT: **00009684**

**DESCRIPTION OF YOUR COVERED AUTO(S):**

| AUTO | RGRP | SYMBOL | AGE | YR | MAKE-MODEL | SERIAL NUMBER | CLASS |
| --- | --- | --- | --- | --- | --- | --- | --- |
| 1 | 128 | 1522 | 8 | 04 | FORD EXPEDITION EDDIE BAU | 1FMFU18L64LA30719 | 885120 |
| 2 | 128 | 2018 | 14 | 98 | BMW 318I AUTOMATIC | WBACC032XWEK27805 | 885220 |

**COVERAGE IS ONLY PROVIDED WHERE A SPECIFIC PREMIUM CHARGE IS SHOWN**

| COVERAGE | LIMITS OF LIABILITY | | AUTO 1 | AUTO 2 |
| --- | --- | --- | --- | --- |
| Bodily Injury.............. | $100,000/ $300,000 Per Person/Accident | $ | ▆ | ▆ |
| Property Damage........... | $100,000 Per Accident | $ | ▆ | ▆ |
| Personal Injury Protection. | | $ | ▆ | ▆ |
| Medical Expenses......... | Subject to Aggregate Limit | | | |
| Income Continuation & | | | | |
| Essential Services...... | Subject to Aggregate Limit | | | |
| Aggregate............... | $2,500 Per Person | | | |
| Uninsured Motorist | | | | |
| Bodily Injury.......... | $100,000/ $300,000 Per Person/Accident | $ | ▆ | ▆ |
| Property Damage.......... | $15,000 Per Accident, $250 Deductible | $ | ▆ | ▆ |
| Comprehensive............ | Deductible AUTO#1 $500 #2 $500 | $ | ▆ | ▆ |
| Collision................ | Deductible AUTO#1 $500 #2 $500 | $ | ▆ | ▆ |
| | Total Premium Per Auto | $ | ▆ | ▆ |

**\*\*\* THIS IS NOT A BILL \*\*\***   **TOTAL FULL TERM PREMIUM**   $ ▆

The Company will consider your claims history for purposes of determining whether to cancel or refuse to renew your policy.

*AMBoyd*

_____
Authorized Company Representative (where required)

**WE LOOK FORWARD TO CONTINUING YOUR**
**AUTOMOBILE COVERAGE AT THIS RENEWAL.**

**THANK YOU!**

| 01 | 000999 | 09/17/10 | Page 1 of 2 | 000 |
| --- | --- | --- | --- | --- |



EXHIBIT
B



RENEWAL

POLICY DECLARATIONS

Account: 21ST CENTURY INSURANCE

Policy Number: 476 00 99

Insurer: 21st Century North America Insurance Company

The Policy Period Begins and Ends at 12:01 A.M.
Standard Time From 11/16/10 To 05/16/11
Effective Date of Change: 11/16/10

**POLICY SERVICE:** To make a
change to your policy call **1-800-241-1188**

**CLAIMS:** Call anytime to report
an accident or loss **1-888-244-6163**

---

| DRIVER NAME | LICENSE NUMBER | BIRTH DATE |
|---|---|---|
| PAUL WASHINGTON | | |
| ANDREA WASHINGTON | | |

### ENDORSEMENTS:

| | | | |
|---|---|---|---|
| FPN-a 1009 | BJP 8054 410 | AU MD01a 1204 | AU MD46 1209 |
| AU MD70c 0310 | AU CWB6 0409 | NC-GEN 0110 | |

### DISCOUNTS:

Auto 1, 2 -   Air Bag Discount
Auto 1, 2 -   Anti-Lock Brake Discount
Homeowner Discount

Auto 1, 2 -   Auto Anti-Theft Devices
Multiple Autos Insured

### LIENHOLDER(S):

AUTO#1
DISTRICT GVT EFCU
INS SVC CTR
2000 14TH ST NW
WASHINGTON DC 20009

## INDEX OF MAJOR POLICY PROVISIONS

**AGREEMENT** 1
**DEFINITIONS** 1
**YOUR DUTIES AFTER ACCIDENT OR LOSS** 3
    General Duties
**PART A - LIABILITY COVERAGE** 3
    Insuring Agreement
    Additional Definition For Part A - Liability Coverage
    Supplementary Payments
    Exclusions that Apply to Part A - Liability Coverage
    Liability Coverage Limit(s) of Liability
    Out of State Coverage
    Financial Responsibility
    Other Insurance
**PART B-1 - PERSONAL INJURY PROTECTION COVERAGE** 6
    Insuring Agreement
    Additional Definitions for Part B-1 - Personal Injury Protection Coverage
    Additional Duties for Part B-1 - Personal Injury Protection Coverage
    Exclusions that Apply to Part B-1 - Personal Injury Protection Coverage
    Exclusion of Benefits
    Personal Injury Protection Coverage Limit of Liability
    Prompt Payment of Claims
    Other Insurance
**PART B-2 - MEDICAL PAYMENTS COVERAGE** 9
    Insuring Agreement
    Additional Definitions for Part B-2 - Medical Payments Coverage
    Exclusions that Apply to Part B-2 - Medical Payments Coverage
    Medical Payments Coverage Limit of Liability
    Other Insurance
**PART C - UNINSURED MOTORISTS COVERAGE** 10
    Uninsured Motorists Bodily Injury Coverage Insuring Agreement
    Uninsured Motorists Property Damage Coverage Insuring Agreement
    Additional Definitions for Part C - Uninsured Motorists Coverage
    Additional Duties for Part C - Uninsured Motorists Coverage
    Exclusions that Apply to Part C - Uninsured Motorists Coverage
    Uninsured Motorists Bodily Injury Coverage - Limit(s) of Liability
    Other Insurance
    Arbitration
**PART D - COVERAGE FOR DAMAGE TO YOUR AUTO** 14
    Collision Coverage Insuring Agreement
    Comprehensive Coverage Insuring Agreement
    Transportation Expense Coverage
    Increased Transportation Expense Coverage
    Additional Equipment Coverage
    Towing and Labor Costs Coverage
    Additional Definitions for Part D - Coverage for Damage to Your Auto
    Additional Duties for Part D - Coverage for Damage to Your Auto
    Exclusions that Apply to Part D - Coverage for Damage to Your Auto
    Damage to Your Auto - Limit of Liability
    Payment of Loss
    No Benefit to Bailee
    Other Sources of Recovery
    Appraisal
    Lienholder

**GENERAL PROVISIONS**                                              **18**

Bankruptcy
Changes
Conformity with Statutes
Misrepresentation or Fraud
Legal Action Against Us
Our Right to Recover Payment
Policy Period and Territory
Proof of Notice
Termination
Premium Payment
Transfer of Your Interest in this Policy
Two or More Auto Policies

AU MD01a 1204

# PERSONAL AUTOMOBILE INSURANCE POLICY

---

## AGREEMENT

---

In return for payment of the premium, and subject to all the terms of this policy, *we* agree with *you* as follows:

---

## DEFINITIONS

---

Terms appearing in ***boldface italics*** typeface will have the following meaning throughout the policy unless otherwise noted.

**A.** Throughout this policy, *you* and *your* refer to:

    **1.** The "named insured" shown in the *Declarations Page*; and

    **2.** That named insured's spouse if the spouse is a resident of the same household of the named insured during the policy period; and

If the spouse ceases to be a resident of the same household during the policy period, coverage for that spouse will continue until the earlier of:

    **1.** The end of 90 days following the spouse's change of residency;

    **2.** The effective date of another policy listing the spouse as a named insured;

    **3.** The end of the policy period; or

    **4.** Cancellation of this policy.

**B.** *We*, *us* and *our* refer to the Company named on *your Declarations Page* providing this insurance.

**C.** *Accident* means a sudden, unexpected and unintended occurrence.

**D.** *Auto* means a four wheel private passenger car, van, pickup or jeep-type automobile designed for operation principally upon public roads with a gross vehicle weight (as determined by the manufacturer's specifications) of 10,000 pounds or less.

**E.** *Bodily Injury* means bodily harm, sickness or disease, including death that results from bodily harm, sickness or disease.

**F.** *Business* means a trade, profession or occupation.

**G.** *Declarations Page* means the document from *us* listing:

    **1.** The types of coverage *you* have elected;

    **2.** The limit for each coverage;

    **3.** The premium for each coverage;

    **4.** The *autos* covered by this policy; and

    **5.** Other policy information.

**H.** *Family member* means a person related to *you* by blood, marriage or adoption and who is a resident of *your* household.  This includes a ward, foster child, or stepchild.

**I.** *Loss* means sudden, direct and accidental damage.

**J.** *Newly acquired auto* means an *auto* that *you* become the *owner* of during the policy period if no other insurance policy provides coverage for the *auto*.

Coverage for a *newly acquired auto* is subject to the following conditions:

    **1.** If a *newly acquired auto* is a vehicle type that is not insurable under *our* published company guidelines, no coverage will be provided for that vehicle under this policy regardless of *your* acquisition of *ownership* during the policy period or *your* request for *us* to provide coverage.

    **2.** For coverage other than Comprehensive Coverage or Collision Coverage under **Part D**, a *newly acquired auto* will have the broadest coverage *we* currently provide for any *auto* shown on *your Declarations Page*.  This coverage will begin:

        **a.** On a date *you* become the *owner* if:

            **(1)** Your newly acquired auto is in addition to the *autos* shown on *your Declarations Page*; and

            **(2)** *You* ask *us* to add the *newly acquired auto* to this policy within 30 days after *you* become the *owner*; or

        **b.** On the date *you* become the *owner* if it replaces an *auto* shown on *your Declarations Page*.

    **3.** For Comprehensive Coverage and Collision Coverage under **Part D**, if a *newly acquired auto* replaces any *auto* shown on *your Declarations Page*, Comprehensive Coverage and/or Collision Coverage will be provided as follows:

        **a.** The *newly acquired auto* will have the same Comprehensive Coverage and/or Collision Coverage, including the applicable deductible, that applied to the *auto* it replaces, if *you* notify *us* within 30 days after *you* become the *owner* of the *newly acquired auto*.

        **b.** Any coverage *you* ask *us* to add to the *newly acquired auto* that did not apply to the *auto* it replaced will begin at the time *you* ask *us* to add the coverage.

**c.** If *you* do notify *us* within 30 days after *you* become the *owner*, any coverage *you* ask *us* to apply to the *newly acquired auto* will begin at the time *you* ask *us* to add the coverage.

**4.** For Collision Coverage under **Part D**, if the *newly acquired auto* is in addition to any vehicle shown on *your Declarations Page*:

**a.** Coverage will apply when *you* become the *owner* if an *auto* shown on *your Declarations Page* has Collision Coverage and *you* ask *us* to provide Collision Coverage for the *newly acquired auto* within 30 days after *you* become the *owner*.

**b.** Coverage will apply when *you* become the *owner* if no *auto* shown on *your Declarations Page* has Collision Coverage and *you* ask *us* to provide Collision Coverage within four days after *you* become the *owner*. If this Collision Coverage applies to a *loss* that occurs before *you* have asked *us* to insure the *auto*, a deductible of $500 will apply to the *loss*.

**c.** Coverage will apply at the time *you* ask *us* to provide Collision Coverage if neither of the conditions in **4.a.** or **b.** above have been met and *we* agree to add this coverage for this *auto*.

**5.** For Comprehensive Coverage under **Part D**, if the *newly acquired auto* is in addition to any vehicle shown on *your Declarations Page*.

**a.** Coverage will apply when *you* become the *owner* if an *auto* shown on *your Declarations Page* has Comprehensive Coverage and *you* ask *us* to provide Comprehensive Coverage within 30 days after *you* become the *owner*.

**b.** Coverage will apply when *you* become the *owner* if no *auto* shown on *your Declarations Page* has Comprehensive Coverage and *you* ask *us* to provide Comprehensive Coverage within four days after *you* become the *owner*. If this Comprehensive Coverage applies to a *loss* that occurs before *you* have asked *us* to insure the *auto*, a deductible of $500 will apply to the *loss*.

**c.** Coverage will apply at the time *you* ask *us* to provide Comprehensive Coverage if neither of the conditions in **5.a.** or **b.** above has been met and *we* agree to add this coverage for this *auto*.

**K.** *Non-owned auto* means any *auto* that is not *owned* by *you*, a *family member*, or the named insured's non-resident spouse, and not furnished or available for the regular use of *you* or any *family member*, while in the custody of or being operated by *you* or any *family member*.

**L.** *Occupying* means:

**1.** In;

**2.** Upon; or

**3.** Getting in, on, out or off.

**M.** *Owned* and *ownership* mean:

**1.** To hold legal title to the *auto* or *trailer*;

**2.** To have legal possession of an *auto* or *trailer* subject to a lien or security agreement; or

**3.** To have legal possession of an *auto* that is leased or rented to that person under a written contract for a continuous period of six months or more.

**N.** *Owner* means the person who:

**1.** Holds legal title to the *auto* or *trailer*;

**2.** Has legal possession of an *auto* or *trailer* subject to a lien or security agreement; or

**3.** Has legal possession of an *auto* that is leased or rented to that person under a written contract for a continuous period of six months or more.

**O.** *Property Damage* means physical injury to, destruction of or loss of use of tangible property.

**P.** *Trailer* means a non-motorized device designed to be towed on public roads by an *auto*, provided the *trailer* is:

**1.** *Owned* by *you*;

**2.** Being towed by *your covered auto*; or

**3.** Shown on *your Declarations Page*;

and the *trailer* is not used:

**1.** For commercial or *business* purposes;

**2.** As a primary residence;

**3.** As an office, store, or for commercial display purposes; or

**4.** To transport passengers.

**Q.** *Your covered auto* means:

**1.** Any *auto* shown on *your Declarations Page*;

**2.** A *newly acquired auto*;

**3.** Any *trailer you* own; or

**4.** Any *auto* or *trailer you* do not *own* while used as a temporary substitute for any other *auto* or *trailer* described in this definition that is out of normal use due to:

**a.** Breakdown;

**b.** Repair;

**c.** Servicing;

**d.** *Loss*; or

**e.** Destruction.

This Provision **(Q.4.)** does not apply to **Part D** of this policy.

## YOUR DUTIES AFTER ACCIDENT OR LOSS

*We* have no duty to provide coverage under this policy unless *you* have paid the required premium when due and *we* have agreed to provide coverage. *We* have no duty to provide coverage under this policy if the failure to comply with the following duties is prejudicial to *us*.

### GENERAL DUTIES

**A.** After an *accident* or *loss*, an *insured* must notify *us* as soon as possible of the following *accident* or *loss* information:

1. The time it occurred;

2. The location where it occurred;

3. All facts and circumstances, including the driving conditions, who was involved, and all injury and witness information. Notice should include the names and addresses of any injured persons and witnesses; and

4. The license plate identification of all vehicles involved.

**B.** An *insured* seeking coverage under this policy must:

1. Cooperate with *us* in the investigation, settlement, and defense of any claim or lawsuit.

2. Promptly send *us* copies of any notices or legal papers received in connection with the *accident* or *loss*.

3. Submit, as often as *we* reasonably require, at *our* expense:

   **a.** To physical exams by physicians *we* select; and

   **b.** To examinations under oath and sign the statements.

4. Authorize *us* to obtain:

   **a.** Medical reports; and

   **b.** Other pertinent records.

5. Submit proof of loss when required by *us*.

6. Authorize *us* to obtain any information on any device installed in a covered *auto* that records information that *we* determine to be relevant to the facts of the *accident* or *loss*.

7. Authorize *us* to move the damaged vehicle to a storage facility of *our* choice at *our* expense.

## PART A - LIABILITY COVERAGE

### INSURING AGREEMENT

**A.** Subject to the limit of liability stated on *your Declarations Page*, if *you* pay the premium for Liability Coverage, *we* will pay damages for which an *insured* becomes legally liable due to *bodily injury* or *property damage* caused by an *accident* arising out of the *ownership*, maintenance, or use of an *auto* for which coverage under this **Part A** applies. Subject to the limit of liability, the amount *we* pay will include prejudgment interest awarded in a judgment against the *insured*. However, *we* will not pay for punitive or exemplary damages. *We* may settle or defend any claim or lawsuit as *we* deem appropriate.

In addition to the limit of liability, *we* will pay all defense costs *we* incur. *Our* duty to settle or defend ends when *our* limit of liability has been exhausted by payment of judgments or settlements. *We* have no duty to defend any lawsuit or settle any claim for *bodily injury* or *property damage* not covered under this policy.

### ADDITIONAL DEFINITION FOR PART A - LIABILITY COVERAGE

*Insured*, when shown in **boldface italics** typeface in **Part A**, is defined as follows:

**A.** *You* or any *family member* for the *ownership*, maintenance or use of any *your covered auto*, *non-owned auto* or *trailer*.

**B.** Any person using *your covered auto* with *your* permission.

**C.** Any person or organization vicariously liable for the use of a covered *auto* by a person covered under this **Part A**.

**D.** Any person or organization vicariously liable for the use of a *non-owned auto* or *trailer*, by *you* or a *family member* covered under this **Part A**. This Provision **(D)** applies only if the person or organization does not *own* or hire the *auto* or *trailer*.

### SUPPLEMENTARY PAYMENTS

In addition to *our* Liability Coverage limit of liability, *we* will pay on behalf of an *insured*:

**A.** Up to $250 for the cost of bail bonds required because of an *accident*, including related traffic law violations. However:

1. *We* will not pay the cost of a bail bond if no *bodily injury* or *property damage* resulted from the *accident*; and

2. *We* are not required to apply for or provide these bonds.

**B.** Premiums on appeal bonds and bonds to release attachments in any lawsuit *we* defend. *We* are not required to apply for or provide these bonds. *We* also are not required to purchase a bond in an amount that is greater than *our* limit of liability.

**C.** Interest accruing after a judgment is entered in any lawsuit *we* defend. *Our* duty to pay interest ends when *we* offer to pay that part of the judgment that does not exceed *our* limit of liability.

**D.** Up to $200 a day for loss of wages or salary, but no other income, because of attendance at hearings or trials at *our* request.

**E.** *Other* reasonable expenses incurred at *our* request.

## EXCLUSIONS THAT APPLY TO PART A - LIABILITY COVERAGE

If an exclusion below applies, coverage will not be provided under **Part A** of this policy. If it is determined that an exclusion set forth below is not authorized under the laws of the State of Maryland, that exclusion will be deemed to apply only to coverage in excess of the statutorily required minimum limits of liability.

**A.** *We* do not provide Liability Coverage for, nor have a duty to defend, any *insured*:

  **1.** Who intentionally causes or directs another to cause *bodily injury* or *property damage*.

  **2.** For *bodily injury* or *property damage* that results, or may reasonably be expected to result, from the intentional or criminal acts of an *insured*.

  **3.** For *property damage* to property:

    **a.** *Owned* by;    **d.** Transported by; or

    **b.** Rented to;    **e.** In the care of;

    **c.** Used by;

    that *insured*.

    This Exclusion (**A.3.**) does not apply to *property damage* to a rented residence or rented private garage caused by *your covered auto*.

  **4.** For *bodily injury* to an employee of that *insured* during the course of employment. This Exclusion (**A.4.**) does not apply to *bodily injury* to a domestic employee unless workers' compensation benefits are required or available for that domestic employee.

  **5.** For any liability arising out of the *ownership* or operation of a vehicle while it is being used as a public or livery conveyance. This Exclusion (**A.5.**) does not apply to a share-the-expense car pool.

  **6.** For any liability arising out of the *ownership* or operation of a vehicle while it is being used to carry property for a fee or any compensation. This Exclusion (**A.6.**) applies to, but is not limited to, delivery of goods to customers either on a wholesale or retail basis such as food, newspapers or flowers. This Exclusion (**A.6.**) does not apply to *your covered auto* with respect to coverage up to the minimum limits of liability required by the Maryland Vehicle Laws - Required Security.

  **7.** While employed or otherwise engaged in the *business* of:

    **a.** Selling;

    **b.** Leasing;

    **c.** Testing;

    **d.** Repairing;

    **e.** Servicing;

    **f.** Washing;

    **g.** Delivering;

    **h.** Storing; or

    **i.** Parking;

  vehicles designed for use mainly on public highways. This Exclusion (**A.6.**) does not apply to the *ownership*, maintenance or use of *your covered auto* by:

    **a.** *You*;

    **b.** Any *family member*; or

    **c.** Any partner, agent or employee of *you* or any *family member*; or

    **d.** Any other person with respect to coverage up to the minimum limits of liability required by the Maryland Vehicle Laws - Required Security.

  **8.** Using a vehicle without a reasonable belief that that *insured* is entitled to do so. This Exclusion (**A.8.**) does not apply to a *family member* using *your covered auto* which is *owned* by *you*.

  **9.** For *bodily injury* or *property damage* for which that *insured*:

    **a.** Is an insured under a nuclear energy liability policy; or

    **b.** Would be an insured under a nuclear energy liability policy but for its termination upon exhaustion of its limit of liability.

  A nuclear energy liability policy is a policy issued by any of the following or their successors:

    **a.** Nuclear Energy Liability Insurance Association;

    **b.** Mutual Atomic Energy Liability Underwriters; or

    **c.** Nuclear Insurance Association of Canada.

  **10.** For *bodily injury* or *property damage* that results from:

    **a.** Nuclear exposure, radiation or contamination; or

    **b.** Any intentional discharge, dispersal or release of radioactive, nuclear, pathogenic, poisonous, biological, chemical or hazardous material for any purpose other than its safe and useful purpose.

  **11.** For *bodily injury* or *property damage* resulting from the operation of a vehicle as an employee of the United States government and acting within the scope of that employment. This exclusion applies when the provisions of the Federal Tort Claims Act apply.

  **12.** For *bodily injury* or *property damage* resulting from the operation of a vehicle as an employee of the District of Columbia, provided that insured is:

    **a.** Acting within the scope of that employment; and

    **b.** Relieved from liability because of the provisions of D.C. CODE ANN. Sections 2-411 to 2-416 (Non Liability of District Employees), as amended.

  **13.** For *bodily injury* to *you* or any *family member* to the extent that the limits of liability for this coverage exceed the limits of liability required by the Maryland Vehicle Laws - Required Security.

14. For *bodily injury* arising out of *your* activities as a registered family day care provider to the extent that the limits of liability for this coverage exceed the limits of liability required by the Maryland Vehicle Laws - Required Security.

**B.**   *We* do not provide Liability Coverage for, nor have a duty to defend, any *insured* for a *loss* arising from the *ownership*, maintenance or use of:

1.   Any vehicle that:

   **a.**   Has fewer than four wheels; or

   **b.**   Is designed mainly for use off public roads.

   This Exclusion (**B.1.**) does not apply:

   **a.**   While such vehicle is being used by an *insured* in a medical emergency; or

   **b.**   To any *trailer*.

2.   Any vehicle, other than *your covered auto*, that is:

   **a.**   *Owned* by *you*; or

   **b.**   Furnished or available for *your* regular use.

3.   Any vehicle, other than *your covered auto*, that is:

   **a.**   *Owned* by any *family member*; or

   **b.**   Furnished or available for the regular use of any *family member*.

   However, this Exclusion (**B.3.**) does not apply to *you* while *you* are maintaining or *occupying* a vehicle that is:

   **a.**   *Owned* by a *family member*; or

   **b.**   Furnished or available for the regular use of a *family member*.

4.   Any vehicle, located inside a facility designed for racing, for the purpose of:

   **a.**   Competing in; or

   **b.**   Practicing or preparing for;

   any prearranged or organized racing or speed contest.

   This Exclusion (**B.4.**) does not apply to *your covered auto* with respect to coverage up to the minimum limits of liability required by the Maryland Vehicle Laws - Required Security.

5.   *Your covered auto* while leased or rented to others.

### LIABILITY COVERAGE LIMIT(S) OF LIABILITY

**A.   Each Person/Each Accident Limits of Liability**

If the limit of liability for Bodily Injury Liability Coverage shown on *your Declarations Page* for a vehicle consists of one limit for each person and another limit for each *accident*, the limit of liability shown for each person is the maximum *we* will pay for all damages arising out of *bodily injury* sustained by any one person in any one *accident*. The each person limit includes all claims or lawsuits of others derived from the *bodily injury* of the injured person. This includes, but is not limited to, claims or lawsuits for emotional distress or mental anguish as a result of observing another person sustain *bodily injury*. It also includes:

1.   Loss of society;

2.   Loss of companionship;

3.   Loss of services;

4.   Loss of consortium; and

5.   Wrongful death.

Subject to this limit of liability for each person, the limit of liability shown on *your Declarations Page* for each *accident* for Bodily Injury Liability Coverage is the maximum *we* will pay for all damages for *bodily injury* resulting from any one *accident*.

The limit of liability shown on *your Declarations Page* for each *accident* for Property Damage Liability is the maximum limit of liability *we* will pay for all *property damage* resulting from any one *accident*.

The limits of liability for Bodily Injury and Property Damage are the most *we* will pay regardless of the number of:

1.   *Insureds*;

2.   Heirs;

3.   Survivors;

4.   Claimants;

5.   Claims;

6.   Claims made;

7.   Lawsuits filed;

8.   Vehicles or premiums shown on the *Declarations Page*; or

9.   Vehicles, including any attached *trailers*, involved in the auto *accident*.

**B.   Combined Single Limit of Liability**

If the limit of liability for Bodily Injury Liability Coverage shown on *your Declarations Page* for a vehicle is a Combined Single Limit (CSL), that limit is the most *we* will pay for all damages resulting from any one *accident*. The Combined Single Limit includes all claims of others derived from the *bodily injury* of an injured person, including, but not limited to, emotional distress or mental anguish as a result of observing another person sustain *bodily injury*. It also includes:

1.   Loss of society;

2.   Loss of companionship;

3.   Loss of services;

4.   Loss of consortium; and

5.   Wrongful death.

The Combined Single Limit is the most *we* will pay regardless of the number of:

1.   *Insureds*;

2.   Heirs;

3.   Survivors;

4.   Claimants;

5.   Claims;

6.   Claims made;

7.   Lawsuits filed;

8.   Vehicles or premiums show on *your Declarations Page*; or

9.   Vehicles, including any attached *trailers*, involved in the auto *accident*.

**C.** If *bodily injury* or *property damage* that is not otherwise excluded results from:

1. Racing;
2. Drag Racing;
3. Speed or demolition contests;
4. Stunting activities; or
5. the practice or preparation for such contests or activities;

then the limit of liability for such coverage shall be limited to the minimum statutory limits notwithstanding the limits for *bodily injury* and *property damage* liability coverage shown on the *Declarations Page*.

**D.** No one will be entitled to receive duplicate payments from this policy or from any source for the same elements of *bodily injury, property damage,* or *loss.*

## OUT OF STATE COVERAGE

If an auto *accident* covered under this policy occurs in any state or province other than the one in which *your covered auto* is principally garaged, *we* will interpret *your* policy for that *accident* as follows:

If the state or province has:

**A.** A financial responsibility or similar law requiring a nonresident to maintain limits of liability for *bodily injury* or *property damage* higher than the limit(s) shown in the *Declarations Page, your* policy will provide the higher required limit(s).

**B.** A mandatory insurance or similar law requiring a nonresident to maintain insurance whenever the nonresident uses a vehicle in the state or province, *your* policy will provide the greater of:

1. The required minimum limits and types of coverage; or

2. The limits of liability provided under *your* policy.

## FINANCIAL RESPONSIBILITY

When this policy is certified as future proof of financial responsibility, this policy shall comply with the law to the extent required.

## OTHER INSURANCE

If there is other applicable liability insurance or bond, *we* will pay only *our* share of the *loss. Our* share of the *loss* is the proportion that *our* Liability Coverage limit of liability bears to the total of all applicable limits. Any insurance *we* provide for a vehicle that is not *your covered auto* shall be excess over any other collectible insurance or bond.

However, *we* will provide primary insurance for a vehicle *you* do not *own* if:

**A.** The vehicle is:

1. Loaned by an auto repair facility or a dealer to *you* or any *family member;*

2. Rented temporarily by *your* or any *family member;*

for use as a temporary substitute while *your covered auto* is out of normal use because of its:

1. Breakdown;
2. Repair;
3. Servicing;
4. *Loss;* or
5. Destruction; and

**B.** The agreement for the use of the loaned or rented vehicle contains a provision on the face of the agreement, in at least 10 point type, which states that the coverage on the vehicle being serviced or repaired is primary for the loaned or rented vehicle and the coverage maintained by the *owner* of the loaned or rented vehicle is secondary.

## PART B-1 - PERSONAL INJURY PROTECTION

## INSURING AGREEMENT

**A.** Subject to the Personal Injury Protection Coverage limit of liability on *your Declarations Page,* if *you* pay the premium for Personal Injury Protection Coverage, *we* will pay personal injury protection benefits to or for an *insured* who sustains *bodily injury.* The *bodily injury* must arise from an *accident* involving a *motor vehicle.*

**B.** Personal injury protection benefits consist of the following:

1. **Medical Expenses:** Payment for all reasonable expenses incurred within 3 years from the date of the *accident* for necessary:

   **a.** Medical, surgery, x-ray and dental services, including prosthetic devices;

   **b.** Ambulance, hospital and professional nursing services; and

   **c.** Funeral, burial or cremation services.

   *We* have the right to review the medical expenses to determine if they are reasonable and necessary for diagnosis and treatment of the *bodily injury. We* may use independent sources of information selected by us to determine if any medical expense is reasonable and necessary. These sources may include, but are not limited to:

   **a.** Physical exams by physicians *we* select; *We* will pay for these exams;

   **b.** Review of medical files;

   **c.** Computer databases; or

   **d.** Published sources of medical expense information.

   *We* may refuse to pay for any medical expense that is unreasonable because the fee for the service is greater than the fee which is usual and customary for the geographic location in which the service is rendered. *We* may also refuse to pay for any medical expense because the service rendered is unnecessary for the treatment of the *bodily injury* sustained.

2. **Income Continuation:** Payment for 85% of loss of gross *income* incurred during the lifetime of the *insured* and within 3 years from the date of the *accident. We* will pay *income* continuation only if, at the time of the *accident,* the *insured* was in an occupational status where the *insured* was earning or producing *income.*

3. **Essential Services:** Payment for necessary and reasonable expenses incurred, within 3 years from the date of the *accident*, in obtaining essential services ordinarily performed by the *insured* for care and maintenance of the *insured's* family or household. *We* will pay essential services only if, at the time of the *accident*, the *insured* was not in an occupational status where the *insured* was earning or producing *income*. Essential services do not include expenses for services obtained from any *family member*.

## ADDITIONAL DEFINITIONS FOR PART B-1- PERSONAL INJURY PROTECTION COVERAGE

The terms appearing below, when shown in *boldface italics typeface* in **Part B-1**, are defined as follows:

A. *Family member* means a person related to *you* by blood, marriage or adoption and who is a resident of *your* household. This includes a ward or foster child and *your* unmarried and unemancipated children while away from the household attending school or while in military service.

B. *Income* means wages, salary, tips, commissions, professional fees and other earnings from businesses or farms owned individually or jointly or in partnership with others. To the extent that any such earnings are paid or payable in property or services other than cash, *income* includes the reasonable value of such property or services.

C. *Insured* means:

1. The named insured or any *family member* who sustains *bodily injury* in any *motor vehicle accident*.

2. Any other person who sustains *bodily injury* while:

   a. *Occupying your covered auto* as a guest or passenger;

   b. Using *your covered auto* with the express or implied consent of the named insured; or

   c. A *pedestrian* struck by *your covered auto*.

D. *Motor vehicle* means an automobile and any other vehicle, including a *trailer*, operated or designed for operation upon a public road by any power other than animal or muscular power.

E. *Pedestrian* means any person not *occupying* a *motor vehicle*. This includes any person:

1. In, on or alighting from any vehicle operated by animal or muscular power; or

2. On or alighting from an animal.

F. *Policy territory* means:

1. The United States of America, its territories or possessions; or

2. Canada.

## ADDITIONAL DUTIES FOR PART B-1- PERSONAL INJURY PROTECTION COVERAGE

A. A person seeking Personal Injury Protection Coverage must promptly, and within 12 months after the date of an *accident*, submit written proof of original claim for benefits to *us*. If the *insured* is unable to submit such proof, someone must do so on the *insured's* behalf. Such proof of claim shall include:

1. Full details of the nature and extent of the injuries and treatment received and contemplated; and

2. Any other information which may assist *us* in determining the amount due and payable.

B. A person making a claim for *income* continuation shall authorize *us* to obtain details of all wages, salary payments or their equivalent:

1. Paid to that person by any employer; or

2. Earned by that person;

Since the time of the *bodily injury* or during the year immediately preceding the date of the *accident*.

C. Proof of claim shall be made upon forms furnished by *us* unless *we* fail to furnish such forms within 15 days after receiving notice of claim.

D. If a lapse occurs in the period of disability or medical treatment of an *insured* who has received personal injury protection benefits under this policy, and that *insured* later claims a recurrence of the *bodily injury* for which the original claim was made, that person or someone on his behalf must submit reasonable medical proof of such recurrence to *us*.

## EXCLUSIONS THAT APPLY TO PART B-1- PERSONAL INJURY PROTECTION COVERAGE

If an exclusion below applies, coverage will not be provided under **Part B-1.** of this policy.

*We* will not provide Personal Injury Protection Coverage for *bodily injury* sustained to any *insured*:

A. Who intentionally causes the *motor vehicle accident*.

B. While operating or voluntarily riding in a *motor vehicle* known by that *insured* to be stolen.

C. While in the commission of a felony or fleeing or attempting to elude a police officer.

D. Arising out of the *ownership*, maintenance, or use of a motorcycle by that *insured*.

E. Who is you or *your family member* while *occupying* any *motor vehicle* which is *owned* by that *insured* and for which personal injury protection benefits required by the Maryland Insurance Code are not provided.

F. If that *insured* is not a legal resident of Maryland and is injured, while a *pedestrian*, in an *accident* occurring outside of Maryland.

G. Who is a named insured on a policy, other than this policy, and has waived personal injury protection benefits in accordance with the Maryland Insurance Code.

H. Who is a:

1. *Family member* age 16 or older; or

2. Person listed as a permissive user of an insured *motor vehicle*;

on a policy, other than this policy, and the named insured under that policy has waived personal injury protection benefits in accordance with the Maryland Insurance Code.

However, this exclusion (H.) does not apply to:

1. *You*;

2. Any *family member* age 16 or older; or

3. Any person listed as a permissive user;

under a policy, issued in Maryland, for which personal injury protection benefits have not been waived, provided that person is not a named insured under any other policy for which he or she has waived such benefits.

I. Due to:

1. War, whether or not declared;

2. Civil war;

3. Insurrection;

4. Rebellion or revolution; or

5. Any act or condition incident to any of the foregoing.

J. Resulting from:

1. Radioactive;

2. Toxic;

3. Explosive; or

4. Other hazardous properties;

of nuclear material.

K. While *occupying* or, while a *pedestrian* struck by, a *motor vehicle* other than *your covered auto*, for which personal injury protection benefits are required by the Maryland Insurance Code are provided. However, this Exclusion (K.) does not apply:

1. While an *insured* is *occupying* a *motor vehicle* other than *your covered auto* that is:

   a. Loaned by an auto repair facility or dealer to *you* or any *family member*; or

   b. Rented temporarily by *you* or any *family member*;

      (1) Breakdown;

      (2) Repair;

      (3) Servicing;

      (4) *Loss*; or

      (5) Destruction; and

2. The agreement for the use of the loaned or rented *motor vehicle* contains a provision on the face of the agreement, in at least 10 point bold type, which states that the coverage on the vehicle being serviced or repaired is primary for the loaned or rented *motor vehicle*.

L. While *occupying* any vehicle while participating in:

1. Racing;

2. Drag racing;

3. Speed or demolition contests;

4. Stunting activities; or

5. The practice or preparation for such contests or activities.

## EXCLUSION OF BENEFITS

If *your Declarations Page* indicates that Exclusion of Benefits applies, *we* will not provide Personal Injury Protection Coverage for *bodily injury* sustained by:

A. *You*;

B. Any *family member* age 16 or older; or

C. Any other person listed in the policy as a permissive user of *your covered auto*.

## PERSONAL INJURY PROTECTION COVERAGE LIMIT OF LIABILITY

A. The limit of liability for this coverage shown on *your Declarations Page* for any *your covered auto* is the maximum *we* will pay for each person injured in any one auto *accident*. This is the most *we* will pay regardless of the number of:

1. *Insured's*;

2. Claims made;

3. Vehicles or premiums shown on *your Declarations Page*; or

4. Vehicles, including any attached *trailers*, involved in the auto *accident*.

5. Policies or bonds applicable.

B. Any amount payable under this **Part B-1** shall be reduced by any amounts paid under any workers' compensation law. This provision applies only with respect to those amounts for which the insurer of self-insurer of workers' compensation benefits has not been reimbursed for amounts paid under the workers' compensation law.

## PROMPT PAYMENT OF CLAIMS

Payment of benefits under **Part B-1** of this policy shall be made promptly and within 30 days after satisfactory proof of claim has been submitted to *us*.

## OTHER INSURANCE

A. With respect to *you* or any *family member* who sustains *bodily injury* while *occupying*, or while a *pedestrian* struck by, a *motor vehicle* for which coverage required by the Maryland Insurance Code is not provided.

1. If there is no other available Personal Injury Protection Coverage, any amount payable under this **Part B-1** shall be reduced by any collectible medical or disability benefits coverage applicable to such *motor vehicle*.

2. If there is no other available Personal Injury Protection Coverage:

   a. Any recovery for personal injury protection benefits under this and all other policies combined shall not exceed the highest applicable limit of liability under any one policy. *We* will pay only *our* share. *Our* share is the proportion that *our* limit of liability bears to the sum of all applicable limits of liability.

   b. Any amount payable under this or any other policy shall be reduced by any collectible medical or disability benefits coverage applicable to such *motor vehicle*.

      This provision (**2.b.**) does not apply to amounts paid or payable under:

      (1) Any Uninsured Motorists Coverage; or

      (2) The Maryland Unsatisfied Claim and Judgment Fund.

C. Any Medical Payments Coverage afforded under **Part B-2** of this policy shall be excess over any medical expense benefits paid or payable under this **Part B-1** or any other policy.

## PART B-2 - MEDICAL PAYMENTS COVERAGE

### INSURING AGREEMENT

A. Subject to the Medical Payments Coverage limit of liability stated on *your Declarations Page*, if *you* pay the premium for Medical Payments Coverage, *we* will pay reasonable and necessary medical expenses and funeral expenses because of *bodily injury*:

1. Caused by *accident* arising out of the *ownership*, maintenance or use of an *auto* or *trailer*; and

2. Sustained by an *insured*.

*We* will pay only those expenses incurred for services rendered within 18 months from the date of the *accident*.

B. Covered expenses must be incurred for:

1. Medical services performed, medical supplies, medication, or drugs prescribed by a medical provider licensed by the state to provide the specific medical services; and

2. Funeral Services.

C. *We* have the right to review the medical expenses to determine if they are reasonable and necessary for diagnosis and treatment of *bodily injury*. *We* may use independent sources of information selected by *us* to determine if any medical expense is reasonable and necessary. These sources may include, but are not limited to:

1. Physical exams by physicians *we* select. *We* will pay for these exams;

2. Review of medical files;

3. Computer databases; or

4. Published sources of medical expense information.

D. *We* may refuse to pay for medical expenses that are unreasonable because the fee for the services are greater than the fee which is usual and customary for the geographic location in which the service is rendered. *We* may also refuse to pay medical expenses because the service rendered is unnecessary for the treatment of the *bodily injury* sustained.

If *we* refuse to pay for any medical expense because the fee is unreasonable or the service is unnecessary and the *insured* is sued for the payment of this expense, *we* will defend the *insured* with an attorney of *our* choice. *We* will pay defense costs and any judgment against the *insured* up to *our* limit of liability. The *insured* must cooperate with *us* in the defense of the lawsuit and attend hearings or trials at *our* request. *We* will pay the *insured* up to $200 per day for lost wages or salary due to attendance at a hearing or trial. *We* will also pay other reasonable expenses the *insured* incurs at *our* request as a result of a lawsuit.

### ADDITIONAL DEFINITIONS FOR PART B-2 - MEDICAL PAYMENTS COVERAGE

The terms appearing below when shown in *boldface italics* typeface in **Part B-2** are defined as follows:

A. *Insured* means:

1. *You* or any *family member*:

   a. While *occupying*; or

   b. As a pedestrian when struck by;

   a motor vehicle designed for use mainly on public roads or a *trailer* of any type.

2. Any other person while *occupying your covered auto* or while *occupying* a *trailer* attached to *your covered auto* or shown on *your Declarations Page*.

B. *Non-owned auto* means any *auto* that is not *owned* by *you* or a *family member*.

C. *Trailer* means a non-motorized attachment, including a farm wagon, or farm implement, designed to be towed on public roads by an *auto* provided the *trailer* is not used:

1. For commercial or *business* purposes;

2. As a primary residence;

3. As an office, store, or for commercial display purposes; or

4. To transport passengers.

### EXCLUSIONS THAT APPLY TO PART B-2 - MEDICAL PAYMENTS COVERAGE

If an exclusion below applies, coverage will not be provided under **Part B-2** of this policy.

*We* do not provide Medical Payments Coverage for any *insured* for *bodily injury*:

A. Sustained while *occupying* any motorized vehicle having fewer than four wheels.

B. Sustained while *occupying your covered auto* when it is being used to carry persons or property for a fee or any compensation or while it is available for public hire. This Exclusion (**B.**) applies to, but is not limited to, delivery of goods to customers either on a wholesale or retail basis such as food, newspapers or flowers. It does not apply to a share-the-expense car pool.

C. Sustained while *occupying* any vehicle or *trailer* being used as a residence or premises.

D. Occurring during the course of employment if workers' compensation benefits are required or available for the *bodily injury*.

E. Sustained while *occupying*, or when struck by, any vehicle, other than *your covered auto*, that is:

1. *Owned* by *you*; or

2. Furnished or available for *your* regular use.

F. Sustained while *occupying*, or when struck by, any vehicle, other than *your covered auto*, that is:

a. *Owned* by any *family member*; or

b. Furnished or available for the regular use of any *family member*.

However, this Exclusion (**F.**) does not apply to *you*.

**G.** Sustained by any person while *occupying* a covered *auto* or *trailer* without the express or implied permission of *you* or a *family member*. This Exclusion (**G.**) does not apply to a *family member* using *your covered auto* which is *owned* by *you*.

**H.** Sustained by *you* or a *family member* while *occupying* a *non-owned auto* without the express or implied permission of the *owner*.

**I.** Caused by or as a consequence of:

1. Nuclear reaction or radioactive contamination;

2. Discharge of a nuclear weapon (even if accidental);

3. War;

4. Civil war;

5. Insurrection; or

6. Rebellion or revolution.

**J.** For which insurance is available under a nuclear energy liability insurance contract.

**K.** That results from:

1. Nuclear radiation, exposure or contamination; or

2. Bio-chemical attack or exposure to bio-chemical agents.

**L.** Sustained while *occupying* any vehicle while participating in:

1. Racing;

2. Drag Racing;

3. Speed or demolition contests;

4. Stunting activities; or

5. The practice or preparation for such contests or activities.

**M.** Sustained while *occupying* any vehicle on a driving track in a facility designed for racing vehicles.

**N.** That is self-inflicted by the *insured* or inflicted on an *insured* at the request of that *insured*.

## MEDICAL PAYMENTS COVERAGE LIMIT OF LIABILITY

**A.** The limit of liability for this coverage shown on *your Declarations Page* for a vehicle is the maximum *we* will pay for each person injured in any one *auto accident*. This is the most *we* will pay regardless of the number of:

1. *Insureds*;

2. Claims made;

3. Vehicles or premiums shown on *your Declarations Page*; or

4. Vehicles, including attached *trailers*, involved in the *accident*.

**B.** No one will be entitled to receive duplicate payments for the same elements of *loss* under **Part B-2** of this policy and:

1. **Part A**;

2. **Part C**;

of this policy.

## OTHER INSURANCE

If there is other applicable auto medical payments insurance or Personal Injury Protection Coverage insurance, *we* will pay only our share of the *loss*. *Our* share is the proportion that *our* limit of liability bears to the total of all applicable limits. However, any insurance *we* provide that arises from the use of a vehicle that is not *your covered auto* shall be excess over any other collectible auto insurance providing payments for medical or funeral expenses.

---

## PART C - UNINSURED MOTORISTS COVERAGE

### UNINSURED MOTORISTS BODILY INJURY COVERAGE INSURING AGREEMENT

Subject to the Uninsured Motorists Bodily Injury Coverage limit of liability stated on *your Declarations Page*, if *you* pay the premium for Uninsured Motorists Bodily Injury Coverage, *we* will pay compensatory damages that an *insured* is legally entitled to recover from the *owner* or operator of an *uninsured motor vehicle* because of *bodily injury*:

**A.** Sustained by an *insured*; and

**B.** Caused by an auto *accident* with an *uninsured motor vehicle*.

The *owner's* or operator's liability for damages must arise out of the *ownership*, maintenance or use of the *uninsured motor vehicle*.

With respect to coverage under **B.3.** of the definition of *uninsured motor vehicle*, *we* will pay under this coverage only if **1.** or **2.** below applies:

1. The limits of liability under any *bodily injury* liability bonds or policies applicable to the *uninsured motor vehicle* have been exhausted by payment of judgments or settlements; or

2. A tentative settlement has been made between an *insured* and the insurer of an *uninsured motor vehicle* and *we*:

   **a.** Have been given prompt written notice of such tentative settlement by certified mail;

   **b.** Have sent to the *insured* a written refusal to consent to acceptance of the settlement offer within 60 days after the receipt of the notification; and

   **c.** Advance payment to the *insured* in an amount equal to the tentative settlement offer within 30 days after the written refusal to consent to acceptance of the settlement offer.

No judgment for damages arising out of a lawsuit brought against the *owner* or operator of an *uninsured motor vehicle* is binding on *us* unless *we*:

**A.** Received reasonable notice of the suit pending which resulted in the judgment; and

**B.** Had a reasonable opportunity to protect *our* interests in the suit.

## UNINSURED MOTORISTS PROPERTY DAMAGE COVERAGE INSURING AGREEMENT

Subject to the Uninsured Motorists Property Damage Coverage limits of liability stated on *your Declarations Page*, if *you* pay a premium for Uninsured Motorists Property Damage Coverage, *we* will pay compensatory damages which an *insured* is legally entitled to recover from the *owner* or operator of an *uninsured motor vehicle* because of *property damage* caused by an *accident*. The *owner's* or operator's liability for these damages must arise out of the *ownership*, maintenance, or use of the *uninsured motor vehicle*.

No judgment for damages arising out of a lawsuit brought against the *owner* or operator of an *uninsured motor vehicle* is binding on *us* unless *we*:

A. Received reasonable notice of the suit pending which resulted in the judgment; and

B. Had a reasonable opportunity to protect *our* interests in the suit.

## ADDITIONAL DEFINITIONS FOR PART C - UNINSURED MOTORISTS COVERAGE

The terms appearing below, when shown in *boldface italics* typeface in **Part C**, are defined as follows:

A. *Insured* means:

   1. *You* or any *family member*;

   2. Any other person *occupying your covered auto*;

   3. Any person entitled to recover damages for *bodily injury* covered under **Part C** of this policy sustained by a person meeting the definition of *insured* in **A.1.** or **2.** above.

B. *Property damage* as used in this **Part C** means injury to or destruction of:

   1. *Your covered auto*.

   2. Any property *owned* by a person listed in **A.1.** or **2.** above while contained in *your covered auto*.

C. *Uninsured motor vehicle* means a land motor vehicle or *trailer* of any type:

   1. For which there is neither cash or securities nor a policy or bond providing *bodily injury* liability coverage in the case of Uninsured Motorists Bodily Injury Coverage or providing *property damage* liability coverage in the case of Uninsured Motorists Property Damage at the time of the *accident*.

   2. For which a *bodily injury* liability policy or bond in the case of Uninsured Motorists Bodily Injury Coverage or *property damage* liability policy or bond in the case of Uninsured Motorists Property Damage Coverage applies at the time of the *accident* but its limit for *bodily injury* or *property damage* liability is less than the minimum specified by the financial responsibility law of Maryland.

3. For which the sum of the limits of liability under all policies or bonds providing *bodily injury* liability coverage at the time of the accident is equal to or greater than the limit specified by the financial responsibility law of Maryland, but the sum of the limits of bodily injury is either:

   a. Less than the *bodily injury* limit of liability for this coverage; or

   b. Reduced by payment to other persons injured in the accident to an amount less than the limit of *bodily injury* liability for this coverage.

This paragraph **3.** does not apply to Uninsured Motorist Property Damage Coverage.

4. For which a *bodily injury* liability policy or bond in the case of Uninsured Motorists Bodily Injury Coverage or *property damage* liability policy or bond in the case of Uninsured Motorists Property Damage Coverage applies at the time of the *accident* but the insurance or bonding company:

   a. Legally denies coverage; or

   b. is or becomes insolvent.

5. That is a hit-and-run vehicle whose operator or *owner* cannot be identified and that hits or which causes an *accident* resulting in *bodily injury* in the case of Uninsured Motorists Bodily Injury Coverage or *property damage* in the case of Uninsured Motorists Property Damage Coverage without hitting:

   a. *You* or a *family member*; or

   b. A vehicle that *you* or a *family member* are *occupying*; or

   c. *Your covered auto*.

However, *uninsured motor vehicle* does not include any land motor vehicle, *trailer*, or equipment of any type:

1. That is *owned* by, furnished to, or available for the regular use of *you* or any *family member*.

2. That is operated on rails or crawler treads.

3. That is not required to be registered as a motor vehicle.

4. That is designed mainly for use off public roads while not on public roads.

## ADDITIONAL DUTIES FOR PART C - UNINSURED MOTORISTS COVERAGE

A person seeking Uninsured Motorists Coverage must also:

A. Notify the police within 24 hours or as soon as practical after the *accident* if a hit-and-run driver is involved, and *you* must report the accident to *us* within 30 days of the *accident*. When there has been no physical contact with the hit-and-run vehicle, the *insured* who claims injury or damage must provide corroborating evidence of the existence of the hit-and-run vehicle from a witness other than the *insured* who is making a claim;

**B.** Send *us* copies of the legal papers if a lawsuit is commenced;

**C.** Notify *us* in writing, by certified mail, of an offer of settlement between the *insured* and the insurer of the *uninsured motor vehicle*;

**D.** Allow *us* to send to the *insured*, within 60 days after the receipt of the notification, a written refusal to consent to acceptance of the settlement offer; and

**E.** Allow *us* 30 days after the written refusal to consent to acceptance of an offer of settlement to advance payment to that *insured* in an amount equal to the offer in order to preserve all rights against the insurer, *owner*, and operator of such *uninsured motor vehicle*.

## EXCLUSIONS THAT APPLY TO PART C - UNINSURED MOTORISTS COVERAGE

If an exclusion below applies, coverage will not be provided under **Part C** of this policy.

**A.** *We* do not provide Uninsured Motorists Coverage for *bodily injury* sustained:

   **1.** By an *insured* while *occupying*, or when struck by, any motor vehicle *owned* by that *insured* if that vehicle is not insured for coverage under **Part C**. This includes a *trailer* of any type used with that vehicle.

   **2.** By any *family member* while *occupying*, or when struck by, any motor vehicle *you own* that is insured for Uninsured Motorists Coverage on a primary basis under any other policy while the insured motor vehicle is operated or used by an individual who is excluded from coverage by a named driver exclusion.

**B.** This coverage shall not apply directly or indirectly to benefit:

   **1.** Any insurer or self-insurer under any of the following or similar laws:

      **a.** Workers' compensation law; or

      **b.** Disability benefits law.

   **2.** Any insurer of property.

**C.** *We* do not provide Uninsured Motorists Coverage for punitive or exemplary damages.

**D.** *We* do not provide Uninsured Motorists Coverage for *bodily injury* that results from:

   **1.** Nuclear radiation, exposure, or contamination; or

   **2.** Bio-chemical attack or exposure to bio-chemical agents.

**E.** *We* do not provide Uninsured Motorists Property Damage Coverage for *property damage* sustained by any *insured*:

   **1.** For the first $250 of the amount of *property damage* to the property of each *insured* as the result of any one *accident*.

   **2.** If the property is contained in or struck by a *motor vehicle* (other than *your covered auto*) *owned* by that *insured*.

## UNINSURED MOTORISTS BODILY INJURY COVERAGE - LIMIT(S) OF LIABILITY

**A. Each Person/Each Accident Limits of Liability**

If the limit of liability for Uninsured Motorists Coverage shown on *your Declarations Page* for a vehicle consists of one limit for each person and another limit for each *accident*, the limit of liability shown for each person is the maximum *we* will pay for all damages arising out of *bodily injury* sustained by any one person in any one auto *accident*. The each person limit includes all claims or lawsuits of others derived from the *bodily injury* of the *insured*. This includes, but is not limited to, claims or lawsuits for emotional distress or mental anguish as a result of observing another sustain *bodily injury*. It also includes:

   **1.** Loss of society;

   **2.** Loss of companionship;

   **3.** Loss of services;

   **4.** Loss of consortium; and

   **5.** Wrongful death.

Subject to this limit of liability for each person, the limit of liability shown on *your Declarations Page* for each *accident* for Uninsured Motorists Coverage is the maximum *we* will pay for all damages for *bodily injury* resulting from any one auto *accident*.

These limits of liability are the most *we* will pay regardless of the number of:

   **1.** *Insureds*;

   **2.** Claims made;

   **3.** Lawsuits filed;

   **4.** Vehicles or premiums shown on *your Declarations Page*; or

   **5.** Vehicles, including any attached *trailers*, involved in the auto *accident*.

**B. Combined Single Limit of Liability**

If the limit of liability for Uninsured Motorists Coverage shown on *your Declarations Page* is a Combined Single Limit (CSL), that limit is the most *we* will pay for all damages arising out of any one auto *accident*. The Combined Single Limit includes all claims of others derived from the *bodily injury* of an injured person, including, but not limited to, emotional distress or mental anguish as a result of observing another sustain *bodily injury*. It also includes:

   **1.** Loss of society;

   **2.** Loss of companionship;

   **3.** Loss of services;

   **4.** Loss of consortium; and

   **5.** Wrongful death.

This limit is the most *we* will pay regardless of the number of:

   **1.** *Insureds*;

   **2.** Claims made;

   **3.** Lawsuits filed;

4. Vehicles or premiums shown on *your Declarations Page*; or

5. Vehicles, including any attached *trailers*, involved in the auto *accident*.

C. The limit of liability for Uninsured Motorists Property Damage shown on *your Declarations Page* is the maximum *we* will pay for *property damage* sustained in any one *accident* to *your covered auto* for which this coverage has been purchased. *We* will pay the lowest of:

1. The actual cash value of the *auto* at the time of the *accident*, reduced by the applicable deductible and by its salvage value if *we* allow *you* or its *owner* to retain the salvage;

2. The amount necessary to replace the *auto*, reduced by the applicable deductible and by its salvage value if *we* allow *you* or its *owner* to retain the salvage;

3. The amount necessary to repair the *auto* to its pre-*loss* physical condition reduced by the deductible. The amount *we* pay upon repair will not include any amount claimed for *diminution of value* of a *your covered auto*.

4. The limit of liability stated on *your Declarations Page* for Uninsured Motorists Property Damage Coverage under this **Part C**, reduced by the salvage value if *we* allow *you* or its *owner* retain the salvage.

D. An adjustment for depreciation and betterment, considering the physical condition of property to which **Part C** applies at the time of the *accident*, will be made in determining the amount *we* will pay for *property damage* to *your covered auto*.

E. No one will be entitled to receive duplicate payments for the same elements of *loss* under **Part C** and any other **Part** of this policy.

F. *We* will not make a duplicate payment under **Part C** of this policy for any element of *loss* for which payment has been made by or on behalf of persons or organizations who may be legally responsible for the *loss*.

G. With respect to coverage under **B.3.** of the definition of *uninsured motor vehicle*, the limit of liability shall be reduced by all sums paid because of *bodily injury* by or on behalf of persons or organizations who may be legally responsible. This includes all sums paid under **Part A** of this policy.

H. *We* will not pay for any element of *loss* if a person is entitled to receive payment for the same element of *loss* under any of the following or similar laws:

1. Workers' compensation law; or

2. Disability benefits law.

**OTHER INSURANCE**

If there is other applicable Uninsured Motorists Coverage insurance, or similar insurance, available under one or more policies, *we* will pay only *our* share of the *loss*. *Our* share of the *loss* is the proportion that *our* limit of coverage under this **Part C** bears to the total of all applicable limits on either a primary or excess basis, whichever is applicable. However:

A. A total recovery under all such policies or coverage may not exceed the highest applicable limit for any one vehicle under such insurance providing coverage on either a primary or excess basis.

B. Any insurance *we* provide with respect to a vehicle that is not *your covered auto* shall be excess over any collectible insurance providing such coverage on a primary basis.

However, *we* will provide primary insurance for a vehicle *you* do not *own* if:

1. The vehicle is:

a. Loaned by an auto repair facility or a dealer to *you* or any *family member*; or

b. Rented temporarily by *you* or any *family member*;

for use as temporary substitute while *your covered auto* is out of normal use because of its:

(1) Breakdown;

(2) Repair;

(3) Servicing;

(4) *Loss*; or

(5) Destruction; and

2. The agreement for the use of the loaned or rented vehicle contains a provision on the face of the agreement, in at least 10 point bold type, which states that the coverage on the vehicle being serviced or repaired is primary for the loaned or rented vehicle and the coverage maintained by the *owner* of the loaned or rented vehicle is secondary.

**ARBITRATION**

A. If *we* and an *insured* do not agree:

1. Whether that *insured* is legally entitled to recover damages; or

2. On the amount of damages that are recoverable by that *insured*;

from the *owner* or operator of an *uninsured motor vehicle*, then either party may make a written demand for arbitration. The arbitrators shall have no authority to:

1. Award an amount in excess of the limit of liability;

2. Award any amount as punitive or exemplary damages;

3. Award any amount as interest; or

4. Make any determination as to questions of law or coverage under this policy.

However, the decision shall be binding only if the amount awarded does not exceed the minimum limit for *bodily injury* liability specified by the financial responsibility law of the state in which *your covered auto* is principally garaged. If the amount exceeds that limit, either party may demand the right to a trial. This demand must be made in writing within 60 days of the arbitrators' decision. If this demand is not made, the amount of damages agreed to by the arbitrators will be binding.

## PART D - COVERAGE FOR DAMAGE TO YOUR AUTO

### COLLISION COVERAGE INSURING AGREEMENT

**A.** Subject to the limits of liability provisions contained in **Part D** of this policy, if *you* pay the premium for Collision Coverage, *we* will pay for direct and accidental *loss* to:

    **1.** *Your covered auto* for which Collision Coverage has been purchased, as stated on *your Declarations Page*;

    **2.** A *non-owned auto*; or

    **3.** A *trailer*;

    if it overturns or is in a *collision* with another object. If *loss* to more than one *auto* to which coverage under this **Part D** applies results from the same *collision*, only the highest applicable deductible will apply.

**B.** If there is a *loss* to a *non-owned auto*, *we* will provide the broadest Collision Coverage applicable to any of *your covered autos* shown on *your Declarations Page.*

### COMPREHENSIVE COVERAGE INSURING AGREEMENT

**A.** Subject to the limits of liability provisions contained in **Part D** of this policy, if *you* pay the premium for Comprehensive Coverage, *we* will pay for *loss* to:

    **1.** *Your covered auto* for which Comprehensive Coverage has been purchased, as stated on *your Declarations Page*;

    **2.** A *non-owned auto*; or

    **3.** A *trailer.*

**B.** Comprehensive Coverage applies to a *loss* caused by any of the following:

    **1.** Missiles or falling objects;

    **2.** Fire;

    **3.** Theft or larceny;

    **4.** Explosion or earthquake;

    **5.** Windstorm;

    **6.** Hail, water or flood;

    **7.** Malicious mischief or vandalism;

    **8.** Riot or civil commotion;

    **9.** Contact with bird or animal; or

    **10.** Breakage of glass.

    If breakage of glass is caused by a *collision, you* may elect to have it considered a *loss* caused by *collision.*

**C.** If there is a *loss* to a *non-owned auto, we* will provide the broadest Comprehensive Coverage applicable to *your covered auto* shown on *your Declarations Page.*

### TRANSPORTATION EXPENSE COVERAGE

**A.** If *you* pay the premium for Comprehensive Coverage under this policy, *we* will repay *you* up to the greater of:

    **1.** Fifteen dollars each day for up to 30 days, to a maximum of $450; or

    **2.** Any higher limit of liability purchased by *you* as Increased Transportation Expense Coverage shown on *your Declarations Page.*

for:

    **1.** Transportation expenses incurred by *you* if *your covered auto* to which Comprehensive Coverage applies is stolen; or

    **2.** Loss of use damages *you* are legally liable to pay if a *non-owned auto* is stolen.

**B.** Coverage for transportation expenses and loss of use damages begins 48 hours after *you* report the theft to *us* and ends the earliest of:

    **1.** When *your covered auto* or *non-owned auto* has been recovered and returned to *you* or its *owner*;

    **2.** When *your covered auto* or *non-owned auto* has been recovered and repaired;

    **3.** When *your covered auto* or *non-owned auto* has been replaced; or

    **4.** 72 hours after *we* make an offer to pay the applicable limit of liability under this **Part D** if *your covered auto* or *non-owned auto* is deemed by *us* to be a total loss or unrecoverable.

    *Our* payment will be limited to the period of time reasonably required to repair or replace *your covered auto.*

**C.** In order to receive reimbursement for *your* transportation expenses, *you* must provide *us* with written proof of *your* transportation expenses and loss of use damages.

**D.** If the transportation costs are payable under both Transportation Expense Coverage and Increased Transportation Expense Coverage, *we* will pay only under the one coverage in which *you* collect the most.

### INCREASED TRANSPORTATION EXPENSE COVERAGE

**A.** Subject to the limits of liability stated on *your Declarations Page*, if *you* pay the premium for Increased Transportation Expense Coverage, *we* will reimburse rental charges incurred when *you* rent an *auto* from a rental agency or a garage due to a *loss* to *your covered auto* for which:

    **1.** Increased Transportation Expense Coverage has been purchased; and

    **2.** Collision Coverage and Comprehensive Coverage applies.

**B.** *Our* liability is limited to the amount incurred up to the daily amount and the number of days shown on *your Declarations Page.*

**C.** Rental charges will be reimbursed beginning:

    **1.** When *your covered auto* cannot be driven due to a *loss*; or

    **2.** If *your covered auto* can be driven, when *you* deliver *your covered auto* to a vehicle repair shop for repairs due to the *loss.*

**D.** Rental charge reimbursement will end at the earliest of the following:

   **1.** When *your covered auto* has been returned to *you*;

   **2.** When *your covered auto* has been repaired or after a reasonable period of time in which *your covered auto* could have been repaired;

   **3.** When *your covered auto* has been replaced; or

   **4.** If *your covered auto* is deemed by *us* to be a *total loss*, 72 hours after *we* make an offer to pay the applicable limit of liability under this **Part D.**

**E.** In order to receive reimbursement under Increased Transportation Expense Coverage, *you* must provide *us* with written proof of *your* transportation expenses and loss of use damages.

**F.** If rental charges are payable under both Increased Transportation Expense Coverage and Transportation Expense Coverage, *we* will pay only under the one coverage in which *you* collect the most.

## ADDITIONAL EQUIPMENT COVERAGE

**A.** Subject to the limits of liability stated below, if *you* pay the premium for Collision Coverage or Comprehensive Coverage, *we* will pay for *loss* to *your additional equipment* resulting from direct and accidental *loss* for which *you* have purchased coverage. All payments for *loss* to *additional equipment* shall be reduced by the applicable deductible, but only one deductible shall be applied to any one *loss* under this **Part D.** For *additional equipment* coverage in excess of the limit of liability, *you* may purchase Increased Additional Equipment Coverage as described below.

**B.** The limit of liability for *loss* to *additional equipment* is the lowest of:

   **1.** The actual cash value of such *additional equipment*, reduced by the applicable deductible, and by its salvage value if *you* or the *owner* retain the salvage;

   **2.** The amount necessary to repair such *additional equipment*, reduced by the applicable deductible;

   **3.** The amount necessary to replace such *additional equipment*, reduced by the applicable deductible, and reduced by its salvage value if *you* or the *owner* retain the salvage; or

   **4.** The limit of:

     **a.** $1000 if *you* have not purchased Increased Additional Equipment Coverage; or

     **b.** If *you* have purchased Increased Additional Equipment Coverage ("IAEC"), $1,000 added to the amount of IAEC *you* purchased, but not to exceed the declared value of all *additional equipment* on *your covered auto*, reduced by the applicable deductible, and by its salvage value if *you* or the *owner* retains the salvage.

**C.** Coverage for *additional equipment* shall not cause *our* limit of liability for *loss* to an *auto* under this **Part D** to be increased to an amount in excess of:

   **1.** The actual cash value of the *auto*, including its *additional equipment*; or

   **2.** Any applicable limits of liability or Stated Amount Vehicle Coverage elected by *you*.

## TOWING AND LABOR COSTS COVERAGE

Subject to the Towing And Labor Costs Coverage limit of liability stated on *your Declarations Page* for that vehicle, if *you* pay the premium for Towing And Labor Costs Coverage, *we* will pay for towing and labor costs each time *your covered auto* or any *non-owned auto* is disabled. If a *non-owned auto* is disabled, *we* will provide the broadest towing and labor costs coverage applicable to *your covered auto* shown on *your Declarations Page*. *We* will only pay for labor performed at the place of disablement.

## ADDITIONAL DEFINITIONS FOR PART D - COVERAGE FOR DAMAGE TO YOUR AUTO

The terms below, when shown in *boldface italics* typeface in **Part D**, are defined as follows:

**A.** *Additional Equipment* means any enhancement, equipment, devices, accessories and changes to an *auto* that are permanently installed or attached and alter the appearance or performance of a vehicle and were not original manufacturer or factory installed.

*Additional Equipment* includes any electronic equipment designed for the reproduction of sound or to transmit or receive audio, visual, or data signals. It includes, but is not limited to, the following items when they are not considered standard or optional equipment from the *auto* manufacturer:

   **1.** Citizen band radios;

   **2.** Telephones;

   **3.** Two-way mobile radios;

   **4.** Radios;

   **5.** Stereos;

   **6.** Tape decks;

   **7.** Compact disc systems;

   **8.** Navigation systems;

   **9.** Internet access systems;

   **10.** Personal computers;

   **11.** Video entertainment systems;

   **12.** Televisions; and

   **13.** Scanners.

*Additional Equipment* also includes, but is not limited to, the following custom furnishings or equipment when they are not considered standard or optional equipment from the *auto* manufacturer:

   **1.** Custom paint;

   **2.** Murals;

   **3.** Decals or graphics;

4. Custom seats;
5. Custom wheels;
6. Custom tires;
7. Covers;
8. Camper body;
9. Height-extending roofs;
10. Winches;
11. Roll bars;
12. Running boards; and
13. Handicap equipment.

**B.** *Collision* means the upset of *your covered auto* or a *non-owned auto* or their impact with another vehicle or object.

**C.** *Non-owned auto* means:

1. Any *auto* that is not *owned* by *you* or a *family member* and not furnished or available for the regular use of *you* or any *family member* while in the custody of or being operated by *you* or any *family member*, or

2. Any *auto* or *trailer* you do not *own* while used as a temporary substitute for *your covered auto* that is out of normal use because of its:

   a. Breakdown;
   b. Repair;
   c. Servicing;
   d. Loss; or
   e. Destruction.

**ADDITIONAL DUTIES FOR PART D - COVERAGE FOR DAMAGE TO YOUR AUTO**

A person seeking Coverage For Damage To Your Auto must also promptly:

**A.** Take reasonable steps after *loss* to protect *your covered auto* or any *non-owned auto* and its equipment from further *loss*. *We* will pay reasonable expenses incurred to do this.

**B.** Notify the police within 24 hours or as soon as practicable if *your covered auto* or any *non-owned auto* is stolen.

**C.** Permit *us* to inspect and appraise the damaged property before it is repaired or disposed of.

**EXCLUSION THAT APPLY TO PART D - COVERAGE FOR DAMAGE TO YOUR AUTO**

If an exclusion below applies, coverage will not be provided under **Part D** of this policy.

*We* will not pay for:

**A.** *Loss* to *your covered auto* or any *non-owned auto* that occurs while it is being used to carry persons or property for a fee or any compensation or while it is available for public hire. This Exclusion **(A.)** applies to, but is not limited to, delivery of goods to customers either on a wholesale or retail basis such as food, newspapers or flowers. It does not apply to a share-the-expense car pool.

**B.** Damage due and confined to:

1. Wear and tear;
2. Freezing;
3. Mechanical or electrical breakdown or failure; or
4. Road damage to tires.

This Exclusion **(B.)** does not apply if the damage results from the total theft of *your covered auto* or any *non-owned auto*.

**C.** *Loss* caused by or as a consequence of:

1. Nuclear reaction or radioactive contamination (whether controlled or uncontrolled);
2. Discharge of any nuclear weapon (even if accidental);
3. War (declared or undeclared);
4. Civil war;
5. Insurrection; or
6. Rebellion or revolution.

**D.** *Loss* resulting from:

1. Nuclear radiation, exposure or contamination; or
2. Bio-chemical attack or exposure to bio-chemical agents.

**E.** *Loss* for which insurance is available under a nuclear energy liability insurance contract.

**F.** *Loss* caused by fungus or mold regardless of factors causing or contributing to its growth, including hail, water, moisture or flood damage.

**G.** *Loss* to any electronic equipment, devices, accessories, and other personal effects that are not permanently installed in *your covered auto* or any *non-owned auto*. This includes but is not limited to:

1. Radios;
2. Stereos;
3. Tape decks;
4. Compact disc systems;
5. Audio cassette recorders;
6. Tapes;
7. Compact discs;
8. Cassettes;
9. VHS tapes;
10. DVDs and other recording or recorded media;
11. Any equipment designed or used for the detection or location of radar or laser;
12. Citizen band radios;
13. Telephones;
14. Two-way mobile radios;
15. Televisions;
16. Personal computers;
17. Video entertainment systems;
18. Digital video device players; or
19. Navigation systems.

This Exclusion (**G.**) does not apply to:

1. Any electronic equipment that is necessary for the normal operation of the *auto* or the monitoring of the *auto's* operating systems;

2. A permanently installed telephone designed to be operated by use of the power from the *auto's* electrical system and any accessories used with the telephone;

3. Permanently installed equipment designed to be solely operated by the use of power from the *auto's* electrical system; and

4. Equipment removable from a housing unit that is permanently installed in the *auto*.

**H.** *Loss* to *your covered auto*, any *non-owned auto*, or *trailer* due to destruction or confiscation by governmental or civil authorities.

This Exclusion (**H.**) does not apply to the interests of the Lienholders in *your covered auto*.

**I.** *Loss* to:

1. A *trailer*, camper body, or motor home, which is not shown on *your Declarations Page*; or

2. Facilities or equipment used with such *trailer*, camper body or motor home. Facilities or equipment include but are not limited to:

   a. Cooking;

   b. Dining;

   c. Plumbing;

   d. Refrigeration facilities;

   e. Awnings;

   f. Cabanas; and

   g. Any other facilities or equipment used with a *trailer*, camper body, or motor home.

This Exclusion (**I.**) does not apply to a:

1. *Trailer*, and its facilities or equipment, which *you* do not *own*; or

2. *Trailer*, camper body, or the facilities or equipment in or attached to the *trailer* or camper body, that *you*:

   a. Acquire during the policy period; and

   b. Ask *us* to insure within 30 days after *you* become the *owner*.

**J.** *Loss* to any *non-owned auto* when used by *you* or any *family member* without a reasonable belief that *you* or that *family member* is entitled to do so.

**K.** *Loss* to *your covered auto*, a *non-owned auto*, or *trailer* caused by an intentional act by *you*, a *family member*, or the *owner*, of the covered *auto*, *non-owned auto*, or *trailer*. However, this exclusion does not apply to a *loss* to *your covered auto* to the extent of the legal interest of *you* or a *family member* who:

1. Sustains the *loss* as the result of family violence by:

   a. *You*;

   b. A *family member*;

c. A former spouse; or

d. Any person who resides in or has resided in *your* household;

2. Did not direct, participate in, or consent to the intentional act causing the *loss*; and

3. Filed a family violence complaint against the person who caused the violence resulting in the *loss*.

**L.** *Loss* to any *additional equipment* in or upon any *auto* in excess of the applicable limits of liability.

This Exclusion (**L.**) does not apply to a cap, cover or bedliner in or upon *your covered auto* if it is a pickup truck.

**M.** *Loss* to *your non-owned auto* being maintained or used by any person while employed or otherwise engaged in the *business* of:

1. Selling;

2. Leasing;

3. Testing;

4. Repairing;

5. Servicing;

6. Washing;

7. Delivering;

8. Storing; or

9. Parking;

vehicles designed for use on public highways.

**N.** *Loss* to *your covered auto*, any *non-owned auto*, or *trailer* resulting from:

1. Racing;

2. Drag racing;

3. Speed or demolition contests;

4. Stunting activities; or

5. The practice or preparation for such contests or activities.

**O.** *Loss* to *your covered auto*, any *non-owned auto*, or *trailer* resulting from operation on a driving track in a facility designed for racing vehicles.

**P.** *Loss* to, or loss of use of, a *non-owned auto* rented by:

1. *You*; or

2. Any *family member*;

if a rental vehicle company is precluded from recovering such *loss* or loss of use, from *you* or that *family member*, pursuant to the provisions of any applicable rental agreement or state law.

**Q.** *Loss* to *your covered auto* or *trailer* while it is leased or rented to others.

**R.** *Loss* due to theft or conversion of *your covered auto*, a *non-owned auto*, or *trailer*:

1. By *you*, a *family member*, or any resident of *your* household;

2. Prior to it's delivery to *you* or a *family member*; or

3. While in the care, custody, or control of anyone engaged in the *business* of selling the *auto* or *trailer*.

## DAMAGE TO YOUR AUTO - LIMIT OF LIABILITY

**A.** *Our* limit of liability for *loss* to *your covered auto*, a *non-owned auto*, or *trailer* will be the lowest of:

1. The actual cash value of the stolen or damaged property reduced by the applicable deductible shown on *your Declarations Page*, and by its salvage value if *you* or the *owner* retain the salvage;

2. The amount necessary to replace the property of like kind and quality reduced by the applicable deductible shown on *your Declarations Page*, and by its salvage value if *you* or the *owner* retain the salvage;

3. The amount necessary to repair the damaged property to its pre-*loss* condition, reduced by the applicable deductible shown on *your Declarations Page*;

4. The applicable limit of liability or Stated Amount Auto Coverage elected by *you*, reduced by its salvage value if *you* or the *owner* retains the salvage.

However, the most *we* will pay for *loss* to any *non-owned auto* that is a *trailer* is $1,500.

**B.** An adjustment for depreciation and physical condition will be made in determining actual cash value in the event of a total loss.

**C.** If a repair or replacement results in better than like kind or quality, *we* will not pay for the amount of the betterment. Betterment for which *you* will be responsible includes the value relating to the increase in useful life of replaced parts that have a limited useful life and the increase in value from the repair of prior damage.

## PAYMENT OF LOSS

*We* may pay for *loss* in money, or *we* may repair or replace the damaged or stolen property. *We* may, at *our* expense, return any stolen property to:

**A.** *You*; or

**B.** The address shown in this policy.

If *we* return stolen property, *we* will pay for any damage resulting from the theft. *We* may keep all or part of the property at an agreed or appraised value.

If *we* pay for *loss* in money, *our* payment will include, where required by law, the applicable sales tax for the damaged or stolen property.

## NO BENEFIT TO BAILEE

This insurance shall not directly or indirectly benefit any carrier or other bailee for hire.

## OTHER SOURCES OF RECOVERY

If other sources of recovery also cover the *loss*, *we* will pay only *our* share of the *loss*. *Our* share is the proportion that *our* limit of liability bears to the total of all applicable limits. However, any insurance *we* provide with respect to a *non-owned auto* or a *trailer*, other than a *trailer* shown on *your Declarations Page*, shall be excess over any other collectible source of recovery including, but not limited to:

**A.** Any coverage provided by the *owner* of the *non-owned auto* or *trailer*; or

**B.** Any other applicable physical damage insurance; or

**C.** Any other source of recovery applicable to the *loss*.

## APPRAISAL

**A.** If *we* cannot agree with *you* on the amount of *loss*, then either *you* or *we* may demand an appraisal of the *loss*. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. The appraisers will state separately the actual cash value and the amount of *loss*. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:

1. Pay its chosen appraiser; and

2. Bear the expenses of the appraisal and umpire equally.

**B.** Neither *you* nor *we* waive any rights under this policy by agreeing to an appraisal.

## LIENHOLDER

**A.** *Loss* or damage under this policy shall be paid, as interests may appear, to *you* and the lienholder shown on *your Declarations Page*. Payment for *loss* may be made separately to each interested party. The lienholder's interest will not be protected where a fraudulent act or material misrepresentation, intentional damage, conversion, secretion and/or embezzlement has been committed by or at the direction of *you*, any *family member*, or *your* representative.

**B.** When *we* pay the lienholder *we* shall, to the extent of the payment, be subrogated to the lienholder's rights of recovery.

**C.** In the event *your covered auto* is assessed as a total loss and is involuntarily or voluntarily repossessed by the lienholder after sustaining damage as outlined in the **Part D**, the deductible amount applicable to any *loss* adjusted and payable to the lienholder for its interest shall be $250. The deductible amount otherwise applicable to *losses* payable to the *insured* shall be the deductible amount printed on *your Declarations Page*.

**D.** *We* may make payment for a partial *loss* directly to the repair facility with *your* consent.

---

## GENERAL PROVISIONS

## BANKRUPTCY

Bankruptcy or insolvency of the *insured* shall not relieve *us* of any obligations under this policy.

## CHANGES

**A.** This policy, including *your Declarations Page* and any amendments thereto, the application, and any endorsements, contains all the agreements between *you* and *us*. Its terms may not be changed or waived except by endorsement issued by *us*.

**B.** If there is a change in the information used by *us* to determine *your* policy premium, *we* may adjust *your* premium. Changes during the policy term or at renewal that may result in a premium increase or decrease include, but are not limited to, changes in or to:

1. The number or type of vehicles insured under *your* policy;

2. The use classification of the vehicles insured under *your* policy;

3. The operators using the vehicles insured under *your* policy (either additions or deletions);

4. A *family member* obtaining a driver's license or operator's permit;

5. *Your* address and/or the principal place where *you* garage any of the vehicles insured under *your* policy;

6. The marital status of *you* or any operator;

7. The coverage, coverage limits, or deductible amounts; and

8. Qualification or eligibility for any premium discounts under the policy.

**C.** If a change resulting from **A.** or **B.** above requires a premium adjustment, *we* will make the premium adjustment in accordance with *our* manual rules.

**D.** If *we* make a change during a policy term that broadens any coverage without an additional premium charge, *you* will have the broadened coverage provided that coverage is in effect when the change applies. The effective date of the change will be the date *we* implement the change in *your* state.

Any other change to the policy must be made by endorsement. Any change to *your* coverage will be made by using the rates, rules, and forms used by *us* in *your* state.

## CONFORMITY WITH STATUTE

Any provision of this policy that conflicts with a statute of the state *you* listed on *your* application as *your* residence shall be changed to conform to such law.

## MISREPRESENTATION OR FRAUD

To determine *your* eligibility for coverage under this policy and to determine *your* premium, *we* relied upon the statements and representations *you* provided to *us*. *We* do not provide coverage for an *insured* who has made fraudulent statements or engaged in fraudulent conduct in connection with any *accident* or *loss* for which coverage is sought under this policy.

However, *we* will provide liability coverage to such *insured* for damages sustained by any person who has not made fraudulent statements or engaged in fraudulent conduct if such damages result from an *accident* which is otherwise covered under this policy.

## LEGAL ACTION AGAINST US

**A.** No legal action may be brought against *us* until there has been full compliance with all the terms of this policy. In addition, no legal action for payment under **Part A** of this policy may be brought against *us* until:

1. *We* agree in writing that the *insured* has an obligation to pay; or

2. The amount of that obligation has been finally determined by judgment after trial.

**B.** No person or organization has any right under this policy to bring *us* into any action to determine the liability of an *insured*.

## OUR RIGHT TO RECOVER PAYMENT

**A.** If *we* make a payment under this policy and the person to or for whom payment was made had a right to recover damages from another, *we* shall be subrogated to that right. That person shall do:

1. Whatever is necessary to enable *us* to exercise *our* rights; and

2. Nothing after *loss* to prejudice *our* rights.

However, *our* rights in this Paragraph (**A.**) do not apply to **Part B-1** or **Part B-2** of this policy.

*Our* rights do not apply under Paragraph **A.** with respect to Underinsured Motorists Coverage if *we*:

1. Have been given prompt written notice of a tentative settlement between an *insured* and the insurer of an *underinsured motor vehicle*, and

2. Fail to advance payment to the *insured* in an amount equal to the tentative settlement within 60 days after receipt of notification.

If *we* advance payment to the *insured* in an amount equal to the tentative settlement within 30 days after a written refusal to consent to acceptance of the settlement offer:

1. That payment will be separate from any amount the *insured* is entitled to recover under the provisions of Uninsured Motorists Coverage; and

2. *We* also have the right to recover the advanced payment.

*Our* rights in this Paragraph (**A.**) do not apply under **Part D** of this policy against any person using *your covered auto* with a reasonable belief that that person is entitled do so.

**B.** If *we* make a payment under this policy and the person to or for whom payment is made recovers damages from another, that person shall:

1. Hold in trust for *us* the proceeds of the recovery; and

2. Reimburse *us* to the extent of *our* payment.

## POLICY PERIOD AND TERRITORY

**A.** This policy applies only to *accidents* and *losses* that occur:

1. During the policy period as shown *your Declarations Page*; and

2. Within the policy territory.

**B.** The policy territory is:

1. The United States of America, its territories, or possessions;

2. Puerto Rico; or

3. Canada.

This policy also applies to *loss* to, or *accidents* involving, *your covered auto* while being transported between their ports.

## PROOF OF NOTICE

Proof of mailing of any notice shall be sufficient proof of notice.

## TERMINATION

### A. Cancellation

This policy may be canceled during the policy period as follows:

1. The named insured shown on *your Declarations Page* may cancel by:

   a. Returning this policy to *us* or the named insured's agent;

   b. Giving *us* or the named insured's agent advance written notice of the date cancellation is to take effect; or

   c. Advanced notice to *us* by any other method *we* agree to accept.

2. *We* may cancel by mailing to the named insured shown on *your Declarations Page* at the last known address shown in *our* records:

   a. At least 10 days notice by United States post office certificate of mailing if cancellation is for nonpayment of premium; or:

   b. At least 45 days notice by certified mail in all other cases.

3. During the first 44 days this policy is in effect, *we* may cancel for any reason.

4. After this policy is in effect for 45 days, or if this is a renewal or continuation policy, *we* may cancel only for one or more of the following reasons:

   a. Nonpayment of premium;

   b. If your driver's license or that of:

      (1) Any driver who lives with *you*; or

      (2) Any driver who customarily uses *your covered auto*;

      has been suspended or revoked. This must have occurred:

      (1) During the policy period; or

      (2) Since the last anniversary of the original effective date if the policy period is other than 1 year.

      However, in the event this policy insures more than one person as a:

      (1) Named insured;

      (2) Person living in the named insured's household; or

      (3) Driver who customarily uses *your covered auto*;

and at least one, but not all, of these persons has had his or her driver's license suspended or revoked, before canceling this policy *we* will offer to continue the policy with a provision excluding coverage when the person or persons who have had their driver's license suspended or revoked are operating *your covered auto*. If such offer is accepted, *we* will issue an endorsement to that effect.

   c. If this policy was obtained by fraud or material misrepresentation.

### B. Nonrenewal

If *we* decide not to renew or continue this policy, *we* will mail notice to the named insured shown on *your Declarations Page* at the last known address shown in *our* records. Notice will be mailed at least 45 days before the end of the policy period. Subject to this notice requirement, if the policy period is:

1. Less than six months, *we* will have the right not to renew or continue this policy every six months, beginning six months after its original effective date;

2. Six months or longer, but less than one year, *we* will have the right not to renew or continue this policy at the end of the policy period; or

3. One year or longer, *we* will have the right not to renew or continue this policy at each anniversary of its original effective date.

Notice will include the reason for the nonrenewal. *We* will mail the same advance notice of nonrenewal to *your* agent or broker, if applicable.

*We* may not refuse to renew or continue the Liability or Collision Coverage of this policy on the basis that *you* have made one or more claims under any:

1. Comprehensive Coverage in **Part D**.

2. Towing and Labor Cost Coverage of this policy.

### C. Automatic Termination

1. If *we* offer to renew or continue *your* policy and *you* or *your* representative do not accept by making timely payment of the premium due, this policy will automatically terminate at the end of the current policy period. Failure to pay the required renewal or continuation premium when due shall mean that *you* have not accepted *our* offer.

2. If *you* obtain other insurance on *your covered auto*, any similar insurance provided by this policy will terminate as to that *auto* on the effective date of the other insurance.

3. If a person other than *you* or a *family member* becomes the *owner* of the *auto*, coverage for that *auto* will automatically terminate at the time possession is conveyed to the new *owner*.

**D.   Other Termination Provisions**

1.   *We* may deliver any notice instead of mailing it. Proof of mailing of any notice shall be sufficient proof of notice.

2.   If this policy is canceled, *you* may be entitled to a premium refund. If so, *we* will send *you* the refund. The premium refund, if any, will be:

   a.   If we cancel, we will refund the pro rate unearned premium.

   b.   If you cancel and this policy is written:

      (1)   For a term of one year or less; *we* will refund 90% of the pro rata unearned premium.

      (2)   For a term greater than one year, and:

         (a)   The policy is cancelled in the first year, *we* will refund 90% of the pro rata unearned premium for the first year, plus the full annual premium for the subsequent years.

         (b)   The policy is cancelled after the first year, *we* will refund the pro rata unearned premium.

   c.   If this policy is financed by a premium finance company, the refund, if any, will be the pro rata unearned premium and will exclude any expense constant, administrative fee or nonrefundable charge filed with and approved by the insurance commissioner.

   However, making or offering to make the refund is not a condition of cancellation.

3.   The effective date of cancellation stated in the notice shall become the end of the policy period.

**PREMIUM PAYMENT**

At the policy's inception, if *you* make a premium payment using a nonnegotiable instrument, the policy is considered null and void and is not subject to the Cancellation provisions of the policy. If *you* make a premium payment for a renewal of *your* policy using a nonnegotiable instrument, *our* offer of policy renewal is deemed rejected by *you* and the policy terminated without renewal.

Examples of nonnegotiable instruments include but are not limited to:

**A.**   Checks dishonored due to insufficient funds;

**B.**   Checks drawn from closed accounts; and

**C.**   Invalid credit cards.

**TRANSFER OF YOUR INTEREST IN THIS POLICY**

**A.**   *Your* rights and duties under this policy may not be assigned without *our* written consent. However, if a named insured shown on *your Declarations Page* dies, coverage will be provided for:

   1.   The surviving spouse if resident in the same household at the time of death. Coverage applies to the spouse as if shown as a named insured on *your Declarations Page*; and

   2.   The legal representative of the deceased person as if shown as a named insured on *your Declarations Page*. This applies only with respect to the representative's legal responsibility to maintain or use *your covered auto*.

**B.**   Coverage will only be provided until the end of the policy period.

**C.**   The person or entity who receives assignment of the policy or its benefits is subject to all the terms and conditions of the policy.

**TWO OR MORE AUTO POLICIES**

If this policy and any other auto insurance policy issued to *you* by *us* apply to the same *accident*, the maximum limit of *our* liability under all the policies shall not exceed the highest applicable limit of liability under any one policy.

Includes copyrighted material of Insurance Services Office, Inc., with its permission.
Copyright, Insurance Services Office, Inc., 2003



**Nationwide Insurance**
**Allied Insurance**
**Nationwide Agribusiness**
**Titan Insurance**
**Victoria Insurance**

*On Your Side*

MARO CLASS CLAIMS * One Nationwide Gateway Dept. 5581 * Des Moines, IA 50391-5581

February 14, 2011

Felipe Perez
7364 Lee Hwy Unit T Apt 102
Fallschurch, VA 22046-7364

**OUR INSURED :** Felipe Perez
**OUR CLAIM NUMBER :** 53 45 V 556323 02122011 01
**DATE OF LOSS :** 02-12-2011
**CLAIMANT :** Paul Washington

Dear Mr. Perez:

This letter is to let you know your claim has been reassigned to me. I am the claims associate who will be handling your claim to its conclusion. So that I may provide you with the best service possible, please address all future correspondence to my attention.

Should you have any questions and/or comments, please contact me. I look forward to delivering *On Your Side*<sup>SM</sup> service to you.

Sincerely,

Lisa Pinder
Claims Department
Nationwide General Insurance Company
(866)888-1080
Fax 1866-230-6447

Virginia law requires the following: It is a crime to knowingly provide false, incomplete or misleading information to an insurance company for the purpose of defrauding the company. Penalties incl[...] imprisonment, fines and denial of insurance benefits.

**EXHIBIT**

C

Feb. 19. 2014  3:13PM                                                    No. 0874   P. 5

4342381121        MD                                    10:14:20 a.m.   08-15-2011       1/2



*On Your Side*     August 15, 2011

Felipe Perez
7364 Lee Hwy Apt# 102
Falls Church, Virginia
22046-7364

Dear Felipe Perez:

RE: Auto Application 5345V556323

An insurance policy is a contract between the policyholder and the insurance company. In applying for, issuing, and maintaining an insurance policy, it is of primary importance that both parties know all pertinent facts pertaining to and in connection with such insurance.

We have learned of certain facts that were not made known to us by you. During our investigation of the February 12, 2011 claim, it has been discovered that the 1995 Toyota, vehicle identification number: 4TAVN73F8SZ024461, is being used for business purposes that include hauling of tools, materials & supplies and transporting employees. Your employees also have access to drive the vehicle.

Had we known about the use of the vehicle, it would not have been written. Therefore, this is notice that coverage for the 1995 Ford, vehicle identification number: 4TAVN73F8SZ024461, is void as of November 3, 2010, and no coverage for it has been provided under this policy.   If there is any excess premium, it will be refunded to you.


Sincerely,


Aaron Cox
Personal Lines Underwriter
Nationwide General Insurance Company NAIC # 23760

ac

cc:      Robert Pierce, Agent: 45-4232
         Lisa Pinder, Claims



800 Graves Mill Road
P.O. Box 10669
Lynchburg, VA 24506-0669


Nationwide Insurance
Nationwide Financial


EXHIBIT
D

4342381121        MD                        10:14:37 a.m.    08-15-2011        2/2



On Your Side*

The factor(s) that determined our decision was information in a report obtained from the Consumer Reporting Agency shown below. The Consumer Reporting Agency did not make the decision to take adverse action and is unable to provide you the specific reason why the adverse action was taken. You have the right to obtain a free copy of the report from the Consumer Reporting Agency by request within 60 days of the receipt of this notice. You have the right to dispute the accuracy or completeness of any information contained in the report with the Consumer Reporting Agency.

To obtain a copy of the report, you may call or write to:

Virginia Department of Motor Vehicles

PO Box 27412

Richmond VA 23269

FAX (804) 367-8911

Trans Union Consumer Relations

No 2 Baldwin Place

Po Box 1000

Chester, PA 19022

1-800-645-1938

Should you have any questions, please contact your Nationwide representative Jolly J Dotson (703)-361-4900

IMPORTANT NOTICE

Within 15 days of receiving this notice, you or your attorney may request in writing that the Commissioner of Insurance, Attn: Underwriting, Suite 300, 7501 Boulders View Drive Richmond, VA 23225, review this action to determine whether the insurer has complied with Virginia laws in canceling or non-renewing your policy. If this insurer has failed to comply with the cancellation or non-renewal laws, the Commissioner may require that your policy be reinstated. However, the Commissioner is prohibited from making underwriting judgments. If this insure has complied with the cancellation or non-renewal laws, the Commissioner does not have the authority to overturn this action.

IMPORTANT NOTICE

Upon written request made within 90 business days of this notice, we will inform you of the specific reason(s) for the decision stated in this letter. Address your request to Nationwide Insurance Company, PO Box 10669, Lynchburg, VA 24506. Your request must include your policy number and the reasons why you disagree with the decision. You have the right to receive a copy of any consumer report we may have.

We will respond to your request within 21 business days. Upon receipt of our response, if you believe that any of the information is incorrect, you have the right to request correction, amendment or deletion. You
must tell us:

Which items of information you feel are incorrect, and what the correct facts are;
Which items of information you feel should be added to our files, and why;
Which items of information you feel should be deleted, and why.

Within 30 business days after receiving your letter, we will get in touch with you to let you know if we agree that any requested changes should be made.

Feb. 19. 2014 3:13PM                                    No. 0874   P. 3



**Nationwide Insurance**
**Allied Insurance**
**Nationwide Agribusiness**
Nationwide   **Titan Insurance**
*On Your Side®*   **Victoria Insurance**

Law Offices of Brian Lloyd

| | |
|---|---|
| **Date prepared** | December 7, 2012 |
| **Claim number** | 53 45 V  556323 |
| | 02122011 01 |

Law Offices of Brian Lloyd
6436 Bock Rd. 1st Floor
Oxon Hill, MD  20745

**Questions?**   Contact Claims Associate
Lisa Pinder
Pinderl@nationwide.com
Phone  (866)888-1080

### Claim details

Insurer:          Nationwide General Insurance Company
Policyholder:     Felipe Perez
Claimant:         Paul Washington
Claim number:  53 45 V   556323 02122011 01
Loss date:       02-12-2011

Dear Mr. Lloyd,

We are in receipt of your letter dated November 15, 2012. The above referenced policy was voided by Underwriting because of a material misrepresentation in the application.  Your letter cites Maryland law, instead of Virginia law. This policy was issued in Virginia. Nationwide's decision to void this policy is consistent with Virginia law. Therefore, our position remains that there is no coverage for this loss.

### For more information

If you have any questions or concerns, please contact me at (866)888-1080 or Pinderl@nationwide.com.

Sincerely,

Lisa Pinder
Nationwide General Insurance Company
MARO CLASS CLAIMS
One Nationwide Gateway Dept. 5581
Des Moines, IA  50391-5581

ANY PERSON WHO KNOWINGLY AND WILLFULLY PRESENTS A FALSE OR FRAUDULENT CLAIM FOR PAYMENT OF A LOSS OR BENEFIT OR WHO KNOWINGLY AND WILLFULLY PRESENTS F INFORMATION IN AN APPLICATION FOR INSURANCE IS GUILTY OF A CRIME AND MAY BE SUBJECT TO FINES AND CONFINEMENT IN PRISON.



**EXHIBIT**

*E*