**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

```
_____
                                )
21st CENTURY NORTH AMERICA      )
INSURANCE COMPANY               )
                                )
             Plaintiff,         )
        v.                      )
                                )  Case No. 1:14-cv-00557 (AK)
NATIONWIDE GENERAL              )
INSURANCE COMPANY               )
                                )
             Defendant.         )
_____ )
```

## MEMORANDUM OPINION

Plaintiff 21st Century North America Insurance Company ("Plaintiff" or "21st Century") and Defendant Nationwide General Insurance Company ("Defendant" or "Nationwide") have consented to proceed before the undersigned for all purposes and trial. (*See* Docket Entry [7].) Currently before the Court is Plaintiff's Motion for Summary Judgment ("Motion") [20], Nationwide's Memorandum of Points and Authorities in opposition to the Motion ("Opposition") [19] and 21st Century's reply ("Reply") [21]. For the reasons explained herein, Plaintiff's Motion will be DENIED. A separate Order accompanies this Memorandum Opinion.

### I. BACKGROUND

This case arises from an underlying civil action brought in the Superior Court for the District of Columbia, which resulted in a partial settlement. (Mot. at 1, 3.) Plaintiff in that civil action was Paul Washington.(*Id.*) Defendants were Jose Chacon, Felipe Perez, and 21st Century. (*Id.*) Mr. Washington brought suit for damages arising under a motor vehicle accident ("MVA") in the District of Columbia ("DC") involving Mr. Perez's automobile.(*Id.*) The circumstances of the MVA are as follows: Mr. Perez lent his automobile, which was insured under a policy issued

by Nationwide, to Mr. Chacon. (Mot. Attach. 1 ¶ 1, 4.) Mr. Chacon was operating the vehicle in DC when he was involved in an accident with Mr. Washington. (Mot. Attach. 1 ¶ 4.) Mr. Washington filed a claim with Nationwide seeking coverage for the incident. (Mot. Attach. 1 ¶ 9.) Nationwide denied coverage because, while the insurance policy at issue included liability insurance for personal injury up to $300,000, Nationwide determined that Mr. Perez had made a material misrepresentation in his application and declared the policy void *ab initio*. (Opp'n at 2.)

Upon denial of coverage from Nationwide, Mr. Washington sued Mr. Chacon for alleged negligence, Mr. Perez alleging vicarious liability, and 21st Century for an alleged breach of his insurance policy. (Mot. Attach. 1, Statement of Facts, ¶ 10, 11.) 21st Century settled with Mr. Washington for $100,000 in exchange for release of claims against 21st Century. (Mot. Attach. ¶ 13.)

Upon settlement with 21st Century, Mr. Washington obtained coverage through his own insurance policy under the uninsured/underinsured ("UM/UIM") provision, which had a limit of $100,000. (Mot. Attach. 1 at 2, 4.) 21st Century avers that the UM/UIM liability coverage only applies when the limits of liability to the uninsured motor vehicle have been exhausted or where the insurance company of the uninsured motor vehicle, in this case Nationwide, legally denied coverage. (Mot. Attach.1 ¶ 8.)

In the instant case, Plaintiff 21st Century seeks a declaration that Defendant Nationwide is obligated to provide primary coverage and pay for the alleged damages sought by Mr. Wasington. (Mot. at 1); (Compl. ¶ 2.)[1] Specifically, Plaintiff seeks a judicial declaration that the Mr. Perez's Nationwide policy was in effect at the time of the MVA, that Nationwide had an

---

[1] The instant case was removed from the District of Columbia Superior Court where the underlying case was pending. *See* Notice of Removal [1]. The Complaint is one of a number of attachments to the notice of removal.

obligation to indemnify Mr. Perez and Mr. Chacon in connection with the claims made by Mr. Washington, and that Nationwide must indemnify 21st Century for the $100,000 settlement payment to Mr. Washington. (Mot. at 1.) Plaintiff's Motion claims, first, that District of Columbia law applies to this case, and second, that under District of Columbia law, Defendant was not legally able to rescind Mr. Perez's insurance policy under the District's compulsory/no-fault motor vehicle insurance law ("No-Fault Law"). (Mot. at 2) (citing D.C. Code §§ 31-2406, 35-2403(b)).

Defendant challenges the application of District of Columbia law, and instead contends that Virginia law applies. (Opp'n at 4.) If Virginia law applies, the Defendant argues, the insurance policy issued to Mr. Perez was legally declared void *ab initio* and Nationwide has no obligation to provide primary coverage or to indemnify the parties for claims pursued by Mr. Washington. (Opp'n at 3.)

## II. STANDARD OF REVIEW

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED.R.CIV.P. 56(c); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 322, (1986); *Diamond v. Atwood,* 43 F.3d 1538, 1540 (D.C.Cir.1995). To determine which facts are "material," a court must look to the substantive law on which each claim rests. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A "genuine issue" is one whose resolution could establish an element of a claim or defense and, therefore, affect the outcome of the action. *Celotex,* 477 U.S. at 322; *Anderson,* 477 U.S. at 248.

When considering a motion for summary judgment, the court may not make credibility determinations or weigh the evidence; the evidence must be analyzed in the light most favorable to the nonmoving party, with all justifiable inferences drawn in their favor. *Anderson,* 477 U.S. at 255. The nonmoving party must establish more than the "mere scintilla of evidence" in support of its position. *Id.* at 252. The nonmoving party, however, cannot rely on "mere allegations or denials ..., but ... must set forth specific facts" *Anderson*, 477 U.S. at 248.

### III. ANALYSIS

#### A. Choice of Law

The parties disagree as to whether the law of Virginia or the law of the District of Columbia governs the case. In a diversity case, the Court must apply the choice of law principles of the forum state which, in this case, is the District of Columbia. *Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 496 (1941) (citing *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938)). The District "chooses between jurisdictions by inquiring 'into the relations of the two jurisdictions to the controversy, the interests involved, and whether application of foreign law would offend a strong and clearly defined policy.'" *Gray v. Grain Dealers Mut. Ins. Co.*, 871 F.2d 1128, 1129-30 (D.C. Cir. 1989) (citing *Mazza v. Mazza*, 475 F.2d 385, 391 (D.C. Cir. 1973)). When interpreting an automobile liability policy, the District adopts:

> the law of the state which the parties understood was to be the principal location of the insured risk [the auto] during the term of the policy, unless with respect to the particular issue, some other state has a more significant relationship … to the transaction and the parties, in which event the local law of the other state will be applied.

*National Union Fire Inc. Co. v. Binker*, 665 F.Supp. 35, 40 (D.D.C. 1987) (quoting The Restatement (Second) of the Conflict of Laws § 193 (1971)).

Plaintiff argues that the District of Columbia has a more significant relationship to the transaction and the parties because the MVA occurred in the District and because the District has

enacted the No-Fault Law regarding vehicles operated in the District. (Mot. at 4, 5.) Plaintiff relies on *Navigators Ins. Co. v. Baylor & Jackson, PLLC*, 888 F.Supp.2d 55, 61 (D.D.C. 2012), which found that "the jurisdiction with the most significant interest has been interpreted to be either the place of the occurrence … or the insured's headquarters." *See also, Nationwide Mut. Ins. Co. v. National REO Management*, *Inc.*, 205 F.R.D. 1, 9 (D.D.C. 2000) (citing *Potomac Elec. Power Co. v. California Union Ins. Co.*, 777 F.Supp. 968, 972-73 (D.D.C. 1991)).

Plaintiff contends that the District's interest in preserving its public policy under the No-Fault Law, "holding the owner of a vehicle financially responsible to any injured victims resulting from the negligence of the permissive driver the vehicle," is a more substantial interest than that of Virginia. (Mot. at 5) (citing *Sharp v. Ward*, 2004 WL 1835102).  For these reasons, Plaintiff argues that the place of the occurrence should control the choice of law determination. (Mot. at 4, 5.) Plaintiff further argues that, even if the District does not have a more substantial interest, the District's interest is at least equal to Virginia's and, therefore, the District's law should be applied pursuant to *Washkoviak v. Student Loan Marketing Ass'n*, 900 A.2d 168 (D.C. 2006) (applying the law of the forum state where neither state has a greater interest in a breach of contract case). (*Id*.)

Defendant argues that, under the governmental interest analysis in *Adolph Coors Co. v. Truck Ins. Exch.*, 960 A.2d 617 (D.C. 2008), Virginia has a more significant relationship to the transaction and the parties. Defendant contends that the six *Adolph* factors—(1) the place of contracting; (2) the place of negotiation of the contract; (3) the place of performance; (4) the location of the subject matter of the contract; (5) the residence and place of business of the parties; and (6) the principal location of the insured risk—all result in a finding for application of Virginia law. (Opp. At 5, 6.) Further, Defendant argues that the "place of the occurrence" should

not dictate the choice of law because it would lead to anomalous results: "[an] insurance policy could be subject to a different interpretation by the laws of each state and every state, district and territory where the insured vehicles might be driven." (Mot. at 7) (citing *Potomac*, 777 F.Supp. at 972). For these reasons, the Defendant contends that the law of "the location of the subject matter of the contract, and the principal location of the insured risk must apply." (Mot. at 4) (citing *Chicago Ins. Co. v. Paulson & Nace, PLLC*, 37 F.Supp.3d 281, 291 (D.D.C. 2014)).

At the outset, the undersigned finds that Plaintiff's argument, that *Washkoviak* controls in insurance contract disputes where the interest of the states is equal, is unavailing. 900 A.2d at 180. There is a presumption that the governing law for insurance contracts is that of the state understood to be the principal location of the insured risk unless "some other state has a *more significant* relationship … to the transactions and the parties." *Gray*, 871 F.2d at 1130 (quoting The Restatement (Second) of the Conflict of Laws §193 (1971)) (emphasis added). The interest of the state not understood to be the principal location must be a greater interest in order to prevail. In *Washkoviak*, the court was determining choice of law for a student loan contract using a governmental interest test under Restatement (Second) of Conflict of Laws § 145—a general test that has no presumption of governing law. The purpose of that test is simply to find the "most significant relationship." *Id*. The governmental interest analysis currently employed is under the Restatement (Second) of Conflict of Laws § 193, which is specifically for insurance contracts and contains a presumption that the law of the state understood to be the principal location will control. Therefore, unless Plaintiff can show that the District of Columbia has a "more significant relationship," the law of the Virginia will apply.

The undersigned looks to the factors set out in *Adolph Coors Co. v. Truck Ins. Exch.*, 960 A.2d 617, 620-21 (D.C. 2008) to determine which state has a more substantial interest. *See, e.g.*,

*Chicago Ins. Company*, 37 F.Supp.3d at 291; *Navigators Ins. Co.*, 888 F.Supp.2d at 61. First, the place of contracting was Virginia because the policy holder's residence was in Virginia, the contract was countersigned in Virginia, and the agent assigned to the policy had a Virginia telephone number. (Mot., Ex. A, Nationwide Policy for Felipe Perez, at 1-3.) Second, the place of negotiation was Virginia for the same reasons. Third, the place of performance was Virginia because the policy is titled "Personal Auto Policy" and the policyholder resided in Virginia. (*Id.* at 1.) Further, two of the forms and endorsements of the policy were specific to Virginia—neither the District of Columbia, nor any other state was mentioned in the policy. (*Id.* at 2.) Fourth, the location of the subject matter of the contract, in this case the auto, was Virginia. The only residence listed in the policy is in Virginia and it follows that the auto is located there. (*Id.* at 1.) Fifth, the residence of the insured was in Virginia as stated previously. (*Id.*) Finally, the principal location of the insured risk was in Virginia. (*Id.*) Though it is not unimaginable that the auto would cross into surrounding states, from the information in the policy and for all the reasons stated above, Virginia was understood to be the principal location of the insured risk. Therefore, the undersigned finds that the facts of this case, as applied to the *Adolph* governmental interest analysis, result in a determination that Virginia law governs.

      Plaintiffs argue under *Navigators Ins. Co.*, that the law of the District of Columbia should control because it is the place of the occurrence. (Mot. at 4.) The undersigned disagrees. As a preliminary matter, the undersigned finds the fact that the accident occurred in the District is insufficient to supersede Virginia's interest in maintaining its contracts. *See e.g.*, *Gray*, 871 F.2d at 1130. Further, the undersigned agrees with the finding in *Potomac Elec. Power Co. v. California Union Ins. Co.*, 777 F.Supp. 968, 972-73 (D.D.C. 1991), that "a holding that the location … dictates the choice of law would lead to anomalous results." If in this case, we found

7

that District law applied, and further found that insurance contracts cannot be void *ab initio* under the No-Fault Law, then Defendant would be required to uphold a contract in one state that is otherwise void in the state of contract. The undersigned finds that "such a rule could result in a single insurance contract being interpreted in a multitude of different ways." *Id.* at 972. Automobiles are assumed to travel into different states, especially when the states are in such close proximity, and it would be inconsistent to apply the law of whichever state an accident occurred in. It cannot be assumed that this is what the parties intended, rather, legal precedent indicates that the principal location of the insured risk will dictate. *Gray*, 871 F.2d at 1130 (quoting The Restatement (Second) of Conflict of Laws §193 (1971)).

Finally, the undersigned notes Plaintiff's argument concerning the District's interest in upholding its No-Fault law, (Mot. at 5), but finds this argument unpersuasive. A finding that Virginia law applies to an automobile insurance contract would not subvert the District's public policy "mandating minimum coverage to compensate innocent third parties injured in the District of Columbia." (Reply at 2.) That law requires vehicle operators to obtain insurance which includes third-party personal liability coverage. D.C. Code § 31-2406(c). That law puts the onus on the vehicle owner and operator – not on the insurer. D.C. Code § 31-2403(a), (b). The insurer is only required to offer insurance that provides at least the minimum benefits as required by the District's Compulsory/No-Fault Motor Vehicle Insurance laws. D.C. Code § 31-2406(a)(1)(D). There is no dispute that Defendant, Nationwide, provided sufficient coverage in Mr. Perez's policy pursuant to D.C. Code § 31-2406(a)(1)(D). Rather, the issue in this case is whether the insurance policy held by the insured, Mr. Perez, was valid as a contract—this is not an issue that directly affects the public policy of the District of Columbia. Therefore, the District's interest in

upholding its public policy is not more significant than Virginia's interest in maintaining its contracts.

For the foregoing reasons, the undersigned finds that Virginia has a more significant relationship to the transaction and the parties, and, therefore, Virginia law governs.

### B. Validity of Insurance Policy

Applying Virginia law, the question of whether the insurance policy was valid or void *ad initio* turns on whether there was a material misrepresentation made by Mr. Perez regarding the use of the auto insured under the policy. VA Code Ann. § 38.2-309. Upon careful consideration of the exhibits, in particular the deposition excerpt of Mr. Perez, the undersigned finds that there is a genuine issue of fact as to whether the misrepresentation was material. Therefore, the undersigned denies Plaintiff's request for a judicial declaration that the policy issued by Nationwide to Mr. Perez was valid at the time of the motor vehicle accident. For the same reasons, the undersigned also denies Plaintiff's request for a judicial declaration of Nationwide's obligation to indemnify Mr. Perez, Mr. Chacon, and Defendant, 21st Century.

### IV. CONCLUSION

The undersigned denies the Plaintiff's Motion for Summary Judgment [20].


Date: April 9, 2015                                  _____/s/_____
                                                     ALAN KAY
                                                     UNITED STATES MAGISTRATE JUDGE